649 So.2d 40 (1994)
Lorraine ANGERON
v.
James H. MARTIN and Gulf Inland Contractors.
No. CA 93 2381.
Court of Appeal of Louisiana, First Circuit.
December 22, 1994.
Rehearing Denied February 2, 1995.
*42 Carolyn A. McNabb, Houma, for plaintiff-appellee, Lorraine Angeron.
Edward P. Lobman, Metairie, for defendants-appellants, James H. Martin, Gulf Inland Contractors and U.S. Fire Ins. Co.
Carlos E. Lazarus, Jr., Houma, for intervenor-appellee, New Hampshire Ins. Co.
Before EDWARDS, SHORTESS and LeBLANC, JJ.
EDWARDS, Judge.
This is an appeal by the defendants, James H. Martin (the tortfeasor), Gulf Inland Contractors (Martin's employer and owner of the vehicle being driven by Martin), and United States Fire Insurance Company (Gulf Inland's liability insurer), of a judgment which awarded the plaintiff, Lorraine Angeron, $99,799.98 in general and special damages and $50,000 in punitive damages, awarded on the basis that Martin's intoxication at the time of the accident was a cause in fact of plaintiff's injuries. After a thorough review of the record, we amend the trial court's judgment in the following particulars, and otherwise, affirm.

General Damages
Defendants argue that the trial court erred in awarding $90,000 in general damages because such award was based, in part, on "a distinct possibility" that plaintiff would require future surgery. Defendants argue that "a distinct possibility" of future surgery is insufficient to support an award of damages, and therefore, the trial court committed manifest error. Defendants' argument is faulty in several respects.
First, we note that future medical expenses are special damages. See Mistich v. Pipelines, Inc., 609 So.2d 921, 938 (La. App. 4th Cir.1992), writ denied, 613 So.2d 996 (La.1993), cert. denied, Brown & Root. Inc. v. Mistich, ___ U.S. ___, 113 S.Ct. 3020, 125 L.Ed.2d 709 (1993). Our review of the record reveals that the trial court did not award special damages for the expense of anticipated future surgery; the special damage award consists of the plaintiff's property damage and loss, including car rental, towing and storage, as well as medical expenses. In awarding general damages, the trial court stated:
As general damages for her injuries, taking into account a distinct possibility that she will require a cervical fusion in the future should her pain become sufficiently severe, the Court will award her general damages in the amount of $90,000.
We do not agree with defendants' contention that the trial court erroneously awarded damages for a distinct possibility of future *43 surgery. Clearly, as well as expressly, this award is for general damages. General damages are those which may not be fixed with any degree of pecuniary exactitude but which involve mental or physical pain or suffering, inconvenience, loss of gratification or intellectual or physical enjoyment, or other losses of lifestyle which cannot be measured definitively in terms of money. Boswell v. Roy O. Martin Lumber Co., Inc., 363 So.2d 506, 507 (La.1978). Instead of awarding damages in anticipation of future surgery, as contended by the defendants, the trial court merely took into consideration the fact that the plaintiff's pain may become so intolerant as to require future surgery in determining the proper amount to award for her pain and suffering, inconvenience, loss of gratification or intellectual or physical enjoyment and other losses of her lifestyle. Therefore, we find no merit to defendants' contention that the trial court committed legal error in awarding damages for a "distinct possibility" of future surgery.[1]
There is no mechanical rule for determining general damages and the facts and circumstances of each case must control. Boudreaux v. Farmer, 604 So.2d 641, 654 (La.App. 1st Cir.), writs denied, 605 So.2d 1373 and 1374 (1992). The initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the "much discretion" of the trier of fact. Only after such a determination of an abuse of discretion is a resort to prior awards appropriate. Youn v. Maritime Overseas Corp. 623 So.2d 1257, 1260 (La.1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). We have thoroughly reviewed the record and do not find an abuse of discretion in the trial court's assessment of general damages in this case.

Exemplary Damages
The trial court found that defendant Martin's intoxication while operating a motor vehicle was a cause in fact of plaintiff's resulting injuries and awarded $50,000 in exemplary damages. Defendants assign error to this award contending that it was based on the introduction of inadmissible, irrelevant evidence and is, otherwise, unsupported by the record. We disagree on both counts.
Exemplary damages are available pursuant to LSA-C.C. art. 2315.4, which provides:
In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries.
In Minvielle v. Lewis, 610 So.2d 942, 946 (La.App. 1st Cir.1992), we stated the required elements for recovery under this statute as follows:
First, the defendant was intoxicated or had a sufficient quantity of intoxicants to make him lose normal control of his mental and physical facilities. Secondly, the drinking was a cause-in-fact of the accident. Thirdly, the injuries were caused by wanton and reckless disregard for the rights and safety of others.
Whether the elements requisite to recovery under LSA-C.C. art. 2315.4 have been proven is a question of fact, not to be set aside in the absence of manifest error. Brumfield v. Guilmino, 93-0366, p. 10 (La.App. 1st Cir. 3/11/94), 633 So.2d 903, 908, writ denied, 94-0806 (La. 5/6/94), 637 So.2d 1056; Stobart v. State through DOTD, 617 So.2d 880, 882 (La.1993).
*44 Martin admitted to the investigating state trooper that he had consumed alcoholic cocktails in the hours before the accident. The trooper testified that Martin's speech was slurred and he could not complete the field sobriety test. His blood alcohol level one hour after the accident was .19 percent. Dr. James Freeman, an expert in anatomic and clinical pathology testified that based on his calculations, at the time of the accident, Martin's blood alcohol was in the .202 to .210 percent range. Dr. Freeman testified that, even with an alcohol level of .19 percent, an individual's physical abilities and mental judgment would be impaired. Based on the foregoing alone, we find no error in the trial court's determination that Martin's intoxication was a cause-in-fact of the injuries suffered by plaintiff.
Defendants also contend that the exemplary award damage is flawed because it was based on the testimony of Wanda Whitney, which, defendants contend, is irrelevant and inadmissible. As stated above, even without the testimony of Ms. Whitney, the record supports the trial court's finding. Furthermore, we find that Ms. Whitney's testimony was both, relevant and admissible. Ms. Whitney's testimony concerned an automobile accident she had in 1989 with the defendant, Martin. In the accident with Ms. Whitney, an intoxicated Martin rear-ended Ms. Whitney's vehicle at the identical location as the accident in the instant case. Ms. Whitney testified regarding her injuries and the trial court took judicial notice of Martin's "no contest" plea to the charge of DWI in the Whitney accident, a second offense DWI which formed the predicate for the third offense DWI in the instant accident.
Pursuant to LSA-C.E. art. 404 B, evidence of other crimes or misconduct is inadmissible to prove the character of a person in order to show that he acted in conformity therewith. However, it may be admissible for other purposes. See LSA-C.E. 404 B; State v. Silguero, 608 So.2d 627, 629 (La.1992). In the instant case, Ms. Whitney's testimony was offered to prove that Martin's actions were in "wanton and reckless disregard for the rights and safety of others," which is an integral part of the act which is the subject of the present proceedings. Under these circumstances, the evidence of Martin's knowledge of past acts, and his disregard of the danger in the face of that knowledge is admissible.
Finally, we find no abuse of discretion in the amount ($50,000) of the exemplary damage award. The factors relevant in determining the amount of exemplary damages are: (1) the nature and extent of the harm to the plaintiff; (2) the wealth or financial situation of the defendant; (3) the character of the conduct involved; and (4) the extent to which such conduct offends a sense of justice and propriety. Jordan v. Intercontinental Bulktank Corp., 621 So.2d 1141, 1157 (La.App. 1st Cir.), writs denied, 623 So.2d 1335, 1336 (1993), cert. denied, ___ U.S. ___, 114 S.Ct. 926, 127 L.Ed.2d 219 (1994). In the instant case, plaintiff suffered serious injury, the total loss of her vehicle and other related expenses. Defendant's insurer, U.S. Fire, is ultimately responsible for the damage award up to the policy limits. The conduct involved is of great concern; Martin, with specific knowledge of the very real threat posed to the public by his drinking and driving, knowingly and repeatedly exposed the public to the perils and risks of his operation of a motor vehicle while he was under the influence of alcohol. Under these circumstances, the award for exemplary damages of $50,000 is well within the trial court's discretion and supported by the record.

Special Damages
Lastly, defendants contend the special damage award is excessive. Specifically, defendants assert the trial court erred in awarding $1,741.94 for car rental expenses for two months. Damages for the rental of another vehicle are recoverable for a reasonable length of time. Meshell v. Insurance Company of North America, 416 So.2d 1383, 1388 (La.App. 3rd Cir.1982). The jurisprudence indicates that two months is a reasonable period of time. See Brown v. Morgan, 449 So.2d 606, 610 (La.App. 1st Cir.1984); Reynaud v. Leonard, 430 So.2d 314, 317 (La.App. 3rd Cir.1983). The trial court correctly determined that the replacement cost *45 for a rental vehicle for the 60 days following the accident was $1,741.94. However, according to the stipulation entered into the record at trial, these costs were paid by the defendant, Gulf Inland. This was not an expense incurred by the plaintiff, and she is not entitled to reimbursement. Therefore, we amend the judgment of the trial court to delete this award in special damages.
Defendants also assert the trial court erred in awarding $650.00 for towing and storage of plaintiff's vehicle from March 22, 1991 to June 3, 1991. A bill for $648.00 was admitted into evidence. Defendants argue that they are only obligated for storage fees before plaintiff was notified her vehicle had been declared a total loss. However, the record reveals that there were ongoing negotiations throughout which plaintiff asserted defendants' obligation to repair her vehicle. The trial court did not abuse its discretion in finding storage fees awardable.
Finally, defendants argue the trial court erred in awarding $5,125.00 for property damage to plaintiff's vehicle. Defendants argue the award should only be $3,974.00, pursuant to plaintiff's insurer's subrogation claim. Because of the difference between the award and the subrogation claim, defendants claim the judgment awards plaintiff $1,151.00 to which she is not entitled.
It is well settled that when an automobile is a total loss the owner is entitled to recover the market value of the vehicle before the accident less its salvage value, if any. Brown v. Morgan, 449 So.2d at 608. The record established that plaintiff's vehicle was valued at $5,325.00 and the salvage value was $1,245.00. Although plaintiff received $5,125.00 from her insurer, this amount represented the vehicle's value less plaintiff's deductible. Plaintiff is entitled to recover the difference between the market value and the salvage value, or $4,080.00. The judgment of the trial court is amended accordingly.
For the foregoing reasons, the trial court judgment is amended, and as amended, affirmed.
AMENDED, AFFIRMED AS AMENDED.
LeBLANC, J., affirms in part and dissents in part and assigns reasons.
LeBLANC, Judge, dissents in part.
I concur in part and dissent in part. I dissent from that portion of the majority opinion awarding plaintiff $90,000.00 in general damages, believing that to be excessive.
I concur with the majority opinion in all other respects.
NOTES
[1] We find the trial court's finding that there is a distinct possibility that plaintiff will have to undergo surgery in the future supported by the record. Dr. John F. Schuhmacher, plaintiff's neurosurgeon, diagnosed her as having degenerative disc disease which was aggravated by the accident. Dr. Schuhmacher testified by deposition that he would recommend that plaintiff undergo a cervical fusion. However, he also stated that she could continue conservative medical treatment, consisting of heat, cervical traction, and anti-inflammatory agents, and not have the surgery if she could tolerate the pain and remain comfortable with the conservative treatment. According to the plaintiff's testimony, since the time of the accident, she had neck pain which was more severe on some days than on others.