GUIDRY, J.
12Appellant, whose vehicle was rear-ended by a following motorist, appeals the judgment of the trial court dismissing her claims against her insurer as being outside the scope of her economic only uninsured/underinsured motorist (EOUM) coverage. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
As a result of an accident on the Causeway Bridge in Jefferson Parish that occurred on October 30, 2006, Bridget Hoagboon filed a petition against Brandie Cannon, GEICO General Insurance Company as the liability insurer of Ms. Cannon, and Automobile Club Inter-Insurance Exchange (Automobile Club) as her EOUM insurer, which Ms. Hoagboon incorrectly identified in her petition as “AAA Insurance.” Ms. Hoagboon eventually settled her claims against Ms. Cannon and Ms. Cannon’s insurer, and the case proceeded to trial against Automobile Club solely on Ms. Ploagboon’s claims for future loss of wages and future medical expenses. Ms. Hoagboon also sought an assessment of penalties and attorney fees against Automobile Club for allegedly wrongfully denying her claim for such damages.
In lieu of a formal trial, the parties submitted the matter on written memoran-da with attached documentary evidence. Following consideration of the parties’ submissions, the trial court rendered judgment in favor of Automobile Club, finding that, based on the express language of Automobile Club’s EOUM policy, Ms. Hoagboon was not entitled to payment for her claims for future loss of wages and future medical expenses. Consequently, the trial court denied Ms. Hoagboon’s claims for future loss of wages and future medical expenses, without prejudice, and denied her related request for penalties and attorney fees, with prejudice, in a judgment signed February 4, 2010, taxing three-fourths of the court costs to Automobile Club and one-fourth to Ms. Hoagboon. It is from this ^judgment that Ms. Hoag-boon appeals, asserting that the trial court erred in: (1) failing to award future medical expenses; (2) failing to award future loss of wages; (3) failing to award penalties and attorney fees; and (4) taxing her with one-fourth of the court costs.
DISCUSSION
The primary issue raised in this appeal is whether the trial court legally erred in its interpretation and application of Automobile Club’s EOUM policy. See Butler v. Allen, 00-1726, p. 3 (La.App. 1st Cir.9/28/01), 808 So.2d 746, 748, writ denied, 01-2924 (La.2/1/02), 808 So.2d 331.
According to the Automobile Club EOUM policy issued to Ms. Hoagboon, coverage is only provided for “economic-only damages,” which are defined in the policy as “payments to reimburse an in *805 jured person for documented dollar loss due to an accident.” The policy goes on to specify “economic-only damages” as “medical bills, funeral expenses, wages lost from missing work including use of sick leave, bills for necessary replacement services, and reimbursement to an employer to reinstate sick leave.” Based on this policy language, the trial court found that, because Ms. Hoagboon’s claims for future loss of wages and future medical expenses were not incurred and documented, she was not entitled to payment for those claims.
Generally, an insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code. Hebert v. Webre, 08-0060, p. 4 (La.5/21/08), 982 So.2d 770, 773. Thus, if the wording of the policy is clear and explicit and leads to no absurd consequences, the agreement should be enforced as written. See Hebert, 08-0060 at 4, 982 So.2d at 773; see also La. C.C. art. 2046. Moreover, insurers have the right to limit coverage in any manner desired, so long as the limitations are clearly and unambiguously set forth in the contract and are not in conflict with statutory | .provisions or public policy. Anderson v. State Farm Fire & Casualty Insurance Company, 10-0036, p. 6 (La.App. 1st Cir.7/16/10), 42 So.3d 1140, 1144.
Nevertheless, an insurance policy issued in Louisiana is considered to contain all the standard provisions required by statute. Marcus v. Hanover Insurance Co., Inc., 98-2040, p. 4 (La.6/4/99), 740 So.2d 603, 606; see La. R.S. 22:863(A). According to La. R.S. 22:863(B):
No insurance contract shall contain any provision inconsistent with or contradictory to any such standard provision used or required to be used, but the commissioner of insurance may approve any provision which is in his opinion more favorable to the insured than the standard provision or optional standard provision otherwise required. No endorsement, rider, or other documents attached to such contract shall vary, extend, or in any respect conflict with any such standard provision, so as to make the resulting effective provision less favorable to the insured than such standard provision.
Any policy provision that narrows or restricts statutorily-mandated coverage will not be enforced, because an insurer is not at liberty to limit its liability and impose conditions upon its obligations that conflict with statutory law or public policy. Marcus, 98-2040 at 4, 740 So.2d at 606.
The statutory requirements for EOUM coverage are provided in La. R.S. 22:1295(l)(a)(i),[1] which states, in pertinent part:
Insurers may also make available, at a reduced premium, the coverage provided under this Section [ie., uninsured motorist coverage] with an exclusion for all noneconomic loss. This coverage shall be known as “economic-only” uninsured motorist coverage. Noneconomic loss means any loss other than economic loss and includes but is not limited to pain, suffering, inconvenience, mental anguish, and other noneconomic damages otherwise recoverable under the laws of this state.
In Butler, 00-1726 at 6, 808 So.2d at 750, this court considered this statutory language and explained that the EOUM coverage authorized by statute | fallows the *806 insured to recover only special damages.”[2] Thus, any provision providing for a restriction of this coverage is in derogation of the statute. Cf. Fisher v. Morrison, 519 So.2d 805, 810 (La.App. 1st Cir.1987). Future loss of wages and future medical expenses are special damages claims. See Angeron v. Martin, 93-2381, p. 2 (La.App. 1st Cir.12/22/94), 649 So.2d 40, 42; Cottle v. Conagra Poultry Company, 06-1160, p. 3 (La.App. 3d Cir.3/14/07), 954 So.2d 255, 257.
Thus, considering the statutory language, Automobile Club’s EOUM provision restricts the coverage provided by statute by imposing the condition that any economic damages claimed must first be incurred and documented to be covered under the policy. As such, this more restrictive language contained in the EOUM policy is contrary to the statute and thus unenforceable. Cf. Fisher, 519 So.2d at 810; Mednick v. State Farm Mutual Automobile Insurance Company, 09-183, pp. 6-7 (La.App. 5th Cir.1/26/10), 31 So.3d 1133, 1137. However, for the following reasons, we conclude that the trial court did not err in denying Ms. Hoagboon’s claims for future loss of wages and future medical expenses based on her failure to meet her burden of proving her entitlement to such damages.
Awards for both future loss of income and future medical expenses are inherently speculative and not susceptible of being calculated with mathematical 1 ^certainty. See Menard v. Lafayette Insurance Company, 09-1869. p. 13 (La.3/16/10), 31 So.3d 996, 1006; Jenkins v. State ex rel. Department of Transportation and Development, 06-1804, p. 36 (La.App. 1st Cir.8/19/08), 993 So.2d 749, 772, writ denied, 08-2471 (La.12/19/08), 996 So.2d 1133. Nevertheless, awards for future loss of wages cannot be based purely on speculation, conjecture, and probabilities, nor simply on the difference between the plaintiffs earnings before and after a disabling injury. See Jenkins, 06-1804 at 41, 993 So.2d at 775; Levy v. Bayou Indus. Maintenance Services, Inc., 03-0037, p. 4 (La.App. 1st Cir.9/26/03), 855 So.2d 968, 973, writs denied, 03-3161 and 03-3200 (La.2/6/04), 865 So.2d 724 and 727. Rather, the award is predicated upon the difference between a plaintiffs earning capacity before and after a disabling injury, usually as established by projections from a financial expert that have a factual basis in the record. Levy, 03-0037 at 5, 855 So.2d at 973. The record before us does not contain any such evidence to support Ms. Hoagboon’s claim of future loss of income.
Likewise, in order to recover future medical expenses, the appellate record must establish that future medical expenses will be necessary and inevitable. *807 An award of future medical expenses will not be supported in the absence of medical testimony establishing that they are indicated and setting out their probable cost. Jenkins, 06-1804 at 43, 993 So.2d at 776. There is no evidence in the record before us that it is more probable than not that it will be necessary and inevitable for Ms. Hoagboon to incur future medical expenses, and in the absence of such evidence, Ms. Hoagboon’s claim for future medical expenses must fail.[3]
|7In order to establish a cause of action for penalties and/or attorney fees and costs under La. R.S. 22:1892,[4] a claimant must show that (1) an insurer has received satisfactory proof of loss, (2) the insurer failed to tender payment within thirty days of receipt thereof, and (3) the insurer’s failure to pay is arbitrary, capricious, or without probable cause. See La. R.S. 22:1892(B)(1); Guillory v. Lee, 09-0075, p. 30 (La.6/26/09), 16 So.3d 1104, 1126. Statutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense, especially when there is a reasonable and legitimate question as to the extent and causation of a claim, and bad faith should not be inferred from an insurer’s failure to pay within the statutory time limits when such reasonable doubt exists. Guillory, 09-0075 at 32, 16 So.3d at 1127.
Finally, the question of arbitrary and capricious behavior is essentially a factual issue, and the trial court’s finding should not be disturbed on appeal absent manifest error. Guillory, 09-0075 at 32, 16 So.3d at 1127. After a thorough review of the record before us, because we find Ms. Hoag-boon has not proven an entitlement to future loss of wages or future medical expenses, we find no error in the trial court’s determination that the assessment of penalties and attorney fees pursuant to La. R.S. 22:1892(B)(1) was not warranted.
Furthermore, although a party cast in judgment should generally be taxed with costs, the trial court may assess costs of a suit in any equitable manner. La. C.C.P. art. 1920; Cortes v. Lynch, 02-1498, p. 13 (La.App. 1st Cir.5/9/03), 846 So.2d 945, 953. It has been held that absent a showing that the prevailing party caused costs to be incurred pointlessly or engaged in other conduct justifying assessment of costs against it, a trial court abuses its discretion in assessing costs equally between parties, as all costs should be assessed against the losing party. See Polk Chevrolet, Inc. v. Webb, 572 So.2d 1112, 1116 (La.App. 1st Cir.1990), writ denied, 575 So.2d 394 (La.1991).
Ms. Hoagboon clearly did not prevail in the proceedings below, and we can find no evidence in the record before us indicating that Automobile Club needlessly incurred costs or otherwise engaged in conduct justifying assessment of costs. While we acknowledge Ms. Hoagboon’s allegation that the trial court abused its discretion in tax *808 ing her with one-fourth of the costs of the trial court proceedings, it appears that the trial court should have assessed Ms. Hoag-boon with all the costs of the proceedings below. However, because Automobile Club did not appeal or file an answer to the appeal, we are precluded from modifying the assessment of costs in its favor, since to do so would result in a modification in favor of the non-appealing party, contrary to Louisiana law. Matthews v. Consolidated Companies, Inc., 95-1925, p. 1 (La.12/8/95), 664 So.2d 1191; see La. C.C.P. arts. 2082 and 2133.
CONCLUSION
Although the trial court committed legal error in simply applying Automobile Club’s EOUM policy without considering whether its provisions comported with applicable statutory law, we nevertheless conclude that coverage of Ms. Hoagboon’s claims was not warranted based on her failure to present evidence sufficient to meet her burden of proving that she will more likely than not incur future loss of wages and future medical expenses. Hence, we affirm the judgment of the trial court in its entirety and assess all costs of this appeal to the appellant, Bridget Hoagboon.
AFFIRMED.

. Renumbered from La. R.S. 22:680 by 2008 La. Acts, No. 415, § 1, effective January 1, 2009.

. At the time of the Butler decision, the quoted language defining EOUM coverage was contained in La. R.S. 22:1406(D), which was later redesignated as La. R.S. 22:680 by 2003 La. Acts, No. 456, § 3, before being renumbered as La. R.S. 22:1295 in 2009. The court in Butler also explained policy reasons for enacting EOUM coverage:
The declared legislative intent of 1997 Acts, No. 1476, known as the "Omnibus Premium Reduction Act of 1997,” was to achieve a significant reduction in the premium rates for motor vehicle insurance. The legislature intended a direct cost savings to citizens of Louisiana. The obvious reason for the lower cost of EO UM coverage is that fewer damages are covered by that type of insurance than the non-economic losses, e.g., pain and suffering, recoverable under the standard UM coverage for bodily injury. Thus, the EO UM coverage provision is meant to provide insurance coverage at a reduced rate to protect persons from suffering economic hardship in the event the tortfeasor is uninsured or un-derinsured.
Butler, 00-1726 at 5, 808 So.2d at 749.

. Ms. Hoagboon attempted to submit additional evidence to this court by attaching certain documents to her appellate brief. An appellate court must render its judgment upon the record on appeal. La. C.C.P. art. 2164. The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcripts, jury instructions (if applicable), judgments, and other rulings, unless otherwise designated. See La. C.C.P. arts. 2127, 2128 and Uniform Rules, Courts of Appeal, Rules 2-1.5 to 2-1.9. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Lee v. Twin Brothers Marine Corporation, 03-2034, p. 4 (La.App. 1st Cir.9/17/04), 897 So.2d 35, 37-38.

. Renumbered from La. R.S. 22:658 by 2008 La. Acts, No. 415, § 1, effective January 1, 2009.