# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-745

**STEVEN P. GUILLORY, ET UX.**

**VERSUS**

**CHRISTOPHER P. SAUCIER, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2006-5291
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**MARC T. AMY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Elizabeth A. Pickett, and J. David Painter, Judges.

**AFFIRMED.**

**Mark A. Delphin**
**Delphin Law Offices**
**626 Broad Street**
**Lake Charles, LA 70601**
**(337) 439-3939**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Steven P. Guillory**
    **Holiday Guillory**

**Todd M. Ammons**
**Stockwell, Sievert, Viccellio, Clements & Shaddock, LLP**
**Post Office Box 2900**
**Lake Charles, LA 70602**
**(337) 436-9491**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Christopher P. Saucier**
**Matthew J. Garver**
**McCranie, Sistrunk, Anzelmo, Hardy, McDaniel & Welch**
**195 Greenbriar Boulevard, Suite 200**

Covington, LA   70433
(504) 831-0946
**COUNSEL FOR DEFENDANT/APPELLANT:**
Republic Underwriters Insurance Company

**AMY, Judge.**

The plaintiffs allege injury from an automobile accident involving a defendant driver, who was intoxicated at the time. Although the jury awarded certain damages, it denied damages for loss of earning capacity, disability, and loss of consortium. The jury also denied exemplary damages, finding the defendant driver was not wanton or reckless in his conduct. The trial court later granted a motion for JNOV with regard to exemplary damages and awarded $100,000 in this regard. The plaintiffs, the defendant driver, and the defendant insurer appeal. For the following reasons, we affirm.

### Factual and Procedural Background

This case involves injuries sustained by Steven P. Guillory in the early morning hours of July 16, 2006, when his vehicle struck the work truck being driven by Christopher Saucier. At the time of the accident, Mr. Saucier was attempting to turn into the northbound lane of Louisiana Highway 108 from an intersecting road.

The Louisiana State Trooper responding to the scene administered a field sobriety test to Mr. Saucier due to signs of intoxication. The trooper explained that he arrested Mr. Saucier for operating a vehicle while intoxicated due to his poor performance on the test and also arrested him for failure to yield while turning left. An Intoxilyzer test subsequently performed at the police station revealed a .171 blood alcohol content.

The same day, Mr. Guillory reported to the emergency room in light of increasing low back pain. As the pain persisted, Mr. Guillory ultimately came under the care of an orthopedic surgeon who found him to have multi-level disc herniation and facet joint involvement producing Mr. Guillory's symptoms. Thereafter, Mr. Guillory underwent a number of lumbar epidural steroid injections

and, later, facet injections in order to reduce his symptoms. He also underwent radio frequency ablation of the involved nerves which alleviated much of his pain. However, Mr. Guillory explained at trial that, although better, his pain persists, particularly with aggravation.

Mr. Guillory and his wife, Holiday Guillory, filed this suit, seeking damages associated with his injuries and requesting exemplary damages in light of Mr. Saucier's intoxication. Mr. and Mrs. Guillory named Mr. Saucier and Mr. Saucier's employer's insurer, Republic Underwriters Insurance Company, as defendants (hereinafter referred to collectively as "the defendant").

After a multi-day trial, a jury concluded that the defendant was liable for Mr. Guillory's injuries. It awarded damages for pain and suffering ($20,000.00), past medical expenses ($68,141.25), loss of enjoyment of life ($10,000.00), and loss of past wages ($10,000.00). However, it denied an award of damages for future medical bills, loss of future wages and/or earning capacity, and physical disability. The jury also denied Mrs. Guillory's claim for loss of consortium due to its determination that she did not sustain damages as a result of Mr. Saucier's negligence.

With regard to Mr. Guillory's exemplary damages claim, the jury determined that Mr. Saucier's intoxication was a cause in fact of Mr. Guillory's injuries. However, it determined that the injuries were not caused by his "wanton and reckless disregard for the rights and safety of others." Accordingly, it denied exemplary damages.

Subsequently, the trial court granted the plaintiffs' motion for a judgment notwithstanding the verdict and for a new trial, in part, awarding exemplary damages in the amount of $100,000.00. It denied the motion in other respects.

All parties appeal. The defendant asserts that the trial court erred in: 1) conducting a de novo review in considering the JNOV rather than determining whether a reasonable person could have concluded as the jury did; 2) awarding exemplary damages without consideration of whether the award would deter future conduct or punish the defendant; 3) awarding exemplary damages to further compensate the plaintiff; 4) considering matters beyond those submitted to the jury; and in 5) not awarding the lowest reasonable award possible.

Mr. and Mrs. Guillory also appeal, asserting that: 1) the jury erred in finding that Mr. Saucier did not act in a wanton and reckless manner; 2) the jury erred in failing to assess damages for disability and loss of earnings; 3) Mr. Saucier's prior DWI conviction should have been admitted; 4) the trial court erred in admitting evidence of Mr. Guillory's prior back injury and a prior lawsuit; and that 5) the jury erred in failing to award damages for loss of consortium. The plaintiffs also seek an increase in the amount of exemplary damages awarded.

## Discussion

*Evidentiary Rulings*

1993 Conviction

We first address the plaintiffs' contention that the trial court erred in granting the defendant's motion in limine, excluding mention of Mr. Saucier's 1993 DWI charge and conviction. The plaintiffs contend that this evidence was probative of whether Mr. Saucier's actions were wanton or reckless, a question that the jury answered in the negative. The plaintiffs point to *Angeron v. Martin*, 93-2381 (La.App. 1 Cir. 12/22/94), 649 So.2d 40 (wherein the first circuit concluded that testimony regarding a defendant's prior involvement in a drunken driving accident was permissibly admitted insofar as it was introduced to prove that the

3

defendant's actions were in wanton or reckless disregard to the rights and safety of others).

While the plaintiffs contend that the prejudice they suffered by the exclusion of the evidence is obvious from the jury's verdict, we conclude that this argument has been rendered moot by the trial court's entry of a JNOV on the question of whether the defendant's conduct was wanton or reckless, a decision we affirm herein. Accordingly, we do not further discuss this assignment.

Prior Accidents

The plaintiffs also question the trial court's denial of their motion in limine seeking to exclude reference to Mr. Guillory's prior back injuries and to a previously filed lawsuit in which he sought a variety of damages also pursued in this matter. The plaintiffs further contest the introduction of allegedly misdated medical records. The evidence associated with these occurrences, the plaintiffs suggest, was prejudicial insofar as it unfairly allowed the jury to attribute complaints of lower back pain to an occurrence other than the subject accident.

Without question, the complained of evidence was relevant to causation, an element of the plaintiffs' case. Relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, or waste of time." La.Code Evid. art. 403. However, the record contains no indication that this evidence was unfairly prejudicial or misleading. For example, the jury determined the causation factor in favor of Mr. Guillory, awarding all of his past medical bills. Accordingly, we find no merit in this assignment.

*Jury Award*

The plaintiffs additionally question numerous aspects of the jury's award of damages. We discuss the jury's denial of exemplary damages in the context of the

JNOV, below. Here, we review the plaintiffs' contention that the jury erred in refusing to award damages for loss of earning capacity, disability, and loss of consortium. The plaintiffs also question the quantum awarded for pain and suffering and loss of enjoyment of life.

Loss of Earning Capacity

Dr. Allen Johnston, Mr. Guillory's treating orthopedic surgeon, opined that the accident caused Mr. Guillory's pre-existing lumbar disc herniation and changes in the facet joints to become asymptomatic, producing lower back pain. Following a two-month period in which he was unable to work due to his accident-related pain, Mr. Guillory returned to work, and continued to work at the time of trial, as a plant protection lieutenant at Firestone Polymers.

Mr. Guillory acknowledges that he has maintained his employment but contends that he is fearful that he will not be able to do so in the future. In particular, he points to Dr. Johnston's testimony indicating that a lifting restriction of 20-30 pounds and a return to only sedentary or light work duties would be appropriate. Dr. Johnston further responded that he would "absolutely not" recommend that Mr. Guillory perform as a fireman, a component of his job duties. While he has performed at his job, despite this limitation, Mr. Guillory contends that he is fearful he will be terminated or that he will not be able to perform his job adequately. Mr. Guillory's expert in the field of vocational rehabilitation, Lewis Lipinski, also testified regarding Mr. Guillory's alleged loss of functional ability. He explained that, if Mr. Guillory follows Dr. Johnston's advice, his remaining transferrable skills would result in a significant income loss.

The supreme court has remarked that actual loss is not necessarily a requirement for an award of loss of earning capacity. *Ryan v. Zurich American Ins. Co.*, 07-2312 (La. 7/1/08), 988 So.2d 214. It further explained that:

What plaintiff earned before and after the injury does not constitute the measure. Even if he had been unemployed at the time of the injury he is entitled to an award for impairment or diminution of earning power. And while his earning capacity at the time of the injury is relevant, it is not necessarily determinative of his future ability to earn. *Coco v. Winston Industries, Inc.*, 341 So.2d 332 (La.1976). Damages should be estimated on the injured person's ability to earn money, rather than what he actually earned before the injury.

...

Earning capacity in itself is not necessarily determined by actual loss; damages may be assessed for the deprivation of what the injured plaintiff could have earned despite the fact that he may never have seen fit to take advantage of that capacity. The theory is that the injury done him has deprived him of a capacity he would have been entitled to enjoy even though he never profited from it monetarily.

*Id.* at 219 (quoting *Folse v. Fakouri*, 371 So.2d 1120 (La.1979)). On appeal, the court applies the manifest error standard of review to determine whether the jury was clearly wrong in awarding no damages for loss of future earning capacity. *Id.*

The record reveals no manifest error in the jury's determination that the plaintiffs failed to prove a loss of earning capacity. Undoubtedly, the plaintiffs presented adequate evidence and expert testimony that would have permitted the jury to find in favor of Mr. Guillory on this point. However, the jury rejected that evidence in favor of that indicating that Mr. Guillory had sustained no such loss.

Instead, and considering the jury's determination, we are mindful that Mr. Guillory not only returned to work but was cleared to do so through fit-for-work testing required by his employer and that he repeatedly passed an annual functional capacity evaluation, also required by the employer. Further, the jury was made aware that Dr. Johnston initially approved Mr. Guillory to return to full duties. Only later did he expressly determine that Mr. Guillory had restrictions.

Finally, the defendant presented Jeffrey Peterson as its expert in vocational rehabilitation. Mr. Peterson testified that, upon evaluation of Mr. Guillory's job

functions and, even considering the limitations ultimately recommended by Dr. Johnston, Mr. Guillory had not sustained a loss of earning capacity. Mr. Peterson explained that, instead, supervisory employment existed that would cater to those aspects of Mr. Guillory's job functions that were impinged upon by the restrictions. Employment in those areas would result in the same type of wage earning capacity Mr. Guillory had at the time of the accident. This evidence supports the jury's determination that the plaintiffs failed to prove a loss of earning capacity insofar as we do not evaluate the credibility of the parties' witnesses, re-assess the weight of the evidence presented by them, or substitute our own factual findings for those of the jury. *See Ryan*, 988 So.2d 214.

We find no merit in this assignment.

Disability

Similarly, we do not disturb the jury's determination that the plaintiffs failed to prove entitlement to damages for physical disability. The plaintiffs here observe that Dr. Johnston has placed physical restrictions on Mr. Guillory so as to not aggravate his condition. Namely, Dr. Johnston restricted Mr. Guillory's capacity to lift, climb, push, and pull.

Although a panel of this circuit has recognized that disability is awardable as general damages, we conclude that the jury was not manifestly erroneous in denying that award under the evidence presented here. *See Wood v. American Nat. Property & Cas. Ins. Co.*, 07-1589 (La.App. 3 Cir. 12/23/08), 1 So.3d 764. Instead, the jury was made aware that Mr. Guillory had been able to return to work which, at times, demanded physical activity and that he has passed work-related evaluations in that context. Also, the jury was informed of Mr. Guillory's repeated vacation travels in the years following the accident. The jury acted within its role as factfinder in evaluating the weight to be placed on the testimony of both

7

plaintiffs' testimony regarding limitations on Mr. Guillory's physical participation on those vacation trips and in his daily life. Accordingly, we conclude that the record supports the jury's determination.

Loss of Consortium

The plaintiffs also argue that the jury erred in its rejection of damages for Mrs. Guillory's loss of consortium, suggesting that their uncontradicted testimony indicated that their relationship suffered as a result of the accident. Louisiana Civil Code Article 2315(B) provides that a cause of action for damages includes one for "loss of consortium, service, and society[.]" *See also Ferrell v. Fireman's Fund Ins. Co.*, 96-3028 (La. 7/1/97), 696 So.2d 569.

As above, we conclude that the plaintiffs presented ample evidence that would have supported some award under this element of Article 2315 damages. Mrs. Guillory testified that Mr. Guillory's pain had caused him to be angry at times and that their relationship had been difficult as a result. Mr. Guillory, too, testified that his attitude at home had caused a strain on his family life. However, the jury's evaluation of this testimony was in the nature of a pure credibility determination. This court will not substitute its own judgment for that of the factfinder. *Menard v. Lafayette Ins. Co.*, 09-1869 (La. 3/16/10), 31 So.3d 996 (citing *Rosell v. ESCO*, 549 So.2d 840 (La.1989)). Furthermore, the jury was aware that Mrs. Guillory was not without financial assistance from her husband in light of his continued employment and, furthermore, evidence indicated that, since the accident, the family had continued to take family vacations.

In light of the above, we find no manifest error in the jury's determination that the plaintiffs failed to prove that Mrs. Guillory suffered a loss of consortium.

This assignment lacks merit.

Pain and Suffering / Loss of Enjoyment of Life – Quantum

The jury awarded $20,000.00 for mental and physical pain and suffering and $10,000.00 for loss of enjoyment of life. The plaintiffs combine their argument on these separate elements of general damages, briefly arguing that the awards are insufficient in the presence of the chronic pain experienced by Mr. Guillory. They suggest that jurisprudence involving other plaintiffs suffering from chronic pain requires an upward adjustment in the awards.

With regard to an assessment of damages, La.Civ.Code art. 2324.1 provides that "much discretion must be left to the judge or jury." In *Guillory v. Lee*, 09-0075 (La. 6/26/09), 16 So.3d 1104, the supreme court described this discretion as "vast." Only after a determination that the trier of fact has abused this vast discretion does an appellate court disturb a trier of fact's determination and reference prior awards. *Howard v. Union Carbide Corp.*, 09-2750 (La. 10/19/10), 50 So.3d 1251 (citing *Coco v. Winston Indus., Inc.*, 341 So.2d 332 (La.1976)). Such reference is then only for the purpose of determining the highest or lowest point which is reasonably within the trier of fact's discretion. *Id.*

The plaintiffs characterize Mr. Guillory's pain as chronic. Indeed, Mr. Guillory testified that pain is a persistent problem and something that he has had to live with. However, the medical records, Dr. Johnston's testimony, and Mr. Guillory's own testimony reflect that Mr. Guillory's pain has consistently improved over the years due in part, it appears, to the ablation procedures performed by Dr. Johnston. Dr. Johnston's medical records reflect that, by January and February 2009, Mr. Guillory indicated that his symptoms had much improved and that he was experiencing only occasional discomfort which was nothing like before. Mr. Guillory acknowledged at trial, that his pain level was better, as long as he did not aggravate his condition. Also, the defendants repeatedly elicited

testimony referencing Mr. Guillory's limited and sporadic use of the pain medication prescribed for him. Finally, the jury was aware that, other than an initial two month period, Mr. Guillory's pain level neither prevented him from working nor from traveling with his family on vacations.

In light of these circumstances, we find no abuse of the jury's vast discretion in its assessment of damages for pain and suffering or in its separate award of damages for loss of enjoyment of life.

This assignment lacks merit.

*Judgment Notwithstanding the Verdict*

Although the plaintiffs filed a broad-based motion for JNOV and new trial, the trial court granted that motion on only the issue of exemplary damages, entering judgment in favor of the plaintiffs. It awarded $100,000.00 in that regard and denied the plaintiffs' requests as to the other damage awards, or lack thereof. Both parties appeal the trial court's determinations.

Wanton Or Reckless Disregard

With regard to the plaintiffs' claim for exemplary damages, Louisiana Civil Code Article 2315.4 provides that:

> In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries.

The verdict sheet indicates that the jury responded "yes" to the question of whether it found that "Christopher Saucier's intoxication was a cause in fact of the injuries sustained by Steven Guillory." However it responded "no" to the question of whether "Steven Guillory's injuries, if any, were caused by Christopher Saucier's wanton or reckless disregard for the rights and safety of others." The trial court granted the motion for JNOV on this point, which the defendant now contests.

The mechanism of the JNOV is provided for by La.Code Civ.P. art. 1811. In evaluating the motion, the trial court considers whether the facts and inferences point so strongly and overwhelmingly in favor of one party that reasonable persons could not arrive at a contrary verdict. *Joseph v. Broussard Rice Mill, Inc.*, 00-0628 (La. 10/30/00), 772 So.2d 94 (citing *Scott v. Hosp. Serv. Dist. No. 1*, 496 So.2d 270 (La.1986)). The trial court must deny the motion if evidence opposing the motion "is of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions." *Id.* at 99. In its consideration, the trial court is not to evaluate the credibility of the witnesses and it must resolve all reasonable inferences or factual questions in favor of the non-moving party. *Id.* On appeal, the reviewing court first considers whether the trial court erred in granting the motion for JNOV. *Id.* It does so by using the same criteria as the trial court. *Id.* In other words, the appellate court considers whether "the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable persons could not arrive at a contrary verdict[.]" *Id.*

Following our review under the above criteria, we conclude that the trial court correctly granted the motion for JNOV. The jury determined that Mr. Saucier's intoxication was a cause in fact of Mr. Guillory's injuries. However, it further found that these injuries were not caused by the wanton or reckless disregard for the rights and safety of others. Under the facts and circumstances presented, reasonable persons could not arrive at both conclusions. Assuming the causation of intoxication as found by the jury, all remaining factual inferences point so strongly and overwhelmingly in favor of a finding that Mr. Saucier acted with wanton or reckless disregard for the safety of others that the jury's verdict could not stand. Instead, the evidence demonstrated that Mr. Saucier had engaged in a long evening of drinking before he began the short drive that ended in this

11

accident. His condition at the scene not only resulted in his arrest, but the subsequent testing by Intoxilizer revealed a 0.171 blood alcohol content. [1] Considering this level of intoxication, we find no merit in the defendant's assertion that a reasonable factfinder could have determined that Mr. Saucier was not wanton or reckless in his behavior. The defendant points to Mr. Saucier's ability to perform certain aspects of the field sobriety test administered at the scene as somehow indicative that the accident was caused by negligence stemming from either sight obstruction or a left-turning maneuver. However, this argument ignores the jury's underlying determination that the intoxication did, in fact, cause Mr. Guillory's injuries. Given this finding of causation, the established level of intoxication supports the trial court's granting of the motion for JNOV on the issue of wanton or reckless disregard.

This assignment lacks merit.

Quantum

All parties contest the trial court's subsequent award of $100,000.00 for exemplary damages. The defendant questions the manner in which the trial court determined that the award was appropriate, asserting that it conducted a de novo review and considered evidence beyond that available to the jury, such as the availability of an insurance policy. The defendant also contends that the trial court "automatically" issued the award rather than considering whether it would serve a punitive function. The defendant also argues that, instead, the trial court made the award as additional compensation to the plaintiffs. Finally, the defendant questions the quantum awarded, suggesting that the trial court should have limited its award to the lowest reasonable amount. The defendant asserts that comparison to jurisprudence indicates that a lower figure would have been the lowest

---

[1] The responding officer testified that this level was "about twice the legal limit."

12

reasonable figure permissible. The plaintiffs too appeal this aspect of the trial court's award and seek an increase in the figure awarded.

We first address the defendant's various contentions regarding the trial court's underlying considerations in granting the motion for JNOV and awarding exemplary damages. First, there is no indication that the trial court used an improper standard in review of the motion. Additionally, the trial court obviously had access to evidence and information beyond that available to the jury. However, there is no indication that the trial court considered *any* such evidence in its review of the motion for JNOV.[2] To state otherwise is mere conjecture and speculation. Likewise, the defendant's assertion that the award was made without consideration of whether it would serve a punitive purpose is again conjecture.

---

[2] In ruling on this aspect of the motion, the trial court stated:

> Where this Court has a consummate disagreement and finds that the jury was virtually wrong is when it comes to the issue of the wanton and reckless disregard to the rights and safety of others.

> I recognize that it's very plausible that a sober person or someone not as intoxicated could have well caused the same accident which occurred. But I believe that the issue of wanton and reckless disregard for the rights and safety of others goes beyond just the issue of the accident.

> What was wanton and reckless by Mr. Saucier was the issue of the commencement of the drinking earlier that day, the continuation, the long length of drinking, embarking in his vehicle, going to yet another spot to consume alcohol, and then attempting to proceed home.

> I don't believe that Mr. Saucier wanted to hurt anybody, but again, that's not the standard. I believe the jury was consummately wrong in that respect and should have found that this situation where Mr. Saucier's actions over the evening were wanton and reckless and with disregard to the rights and safety of others.

> In that respect I feel that the jury was, in fact, wrong. I'm undoing that one and changing that response to the verdict to yes.

To the extent the trial court recognized that the jury's general damages awards were lower than what it felt it would have awarded, these comments were made in recognition that, although low, the general damages awarded were within the range permitted by the jury's discretion. The trial court denied that aspect of the plaintiffs' motion. It is only argument to conclude that this recognition influenced the shaping of the exemplary damage award.

Recall too, that an appellate review of a disposition on a motion for JNOV is not deferential. It is, instead, a review for error. *Joseph*, 772 So.2d 94.

Considering the pure quantum question raised by the parties in their respective arguments, we note that these arguments erroneously rely on awards approved in other cases. The supreme court explained in *Mosing v. Domas*, 02-0012 (La. 10/15/02), 830 So.2d 967, a case also arising under La.Civ.Code art. 2315.4, that three guideposts are appropriate in considering whether exemplary damages are appropriate under Louisiana law. These factors, identified by the United States Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589 (1996), "include: (1) the degree of reprehensibility of the defendant's conduct; (2) the disparity between the harm and/or potential harm suffered by the plaintiff and the exemplary damages award; and (3) the difference between the exemplary damages awarded by the jury and the civil or criminal penalties authorized or imposed in comparable cases." *Mosing*, 830 So.2d at 978. Further, the supreme court recognized that, traditionally, Louisiana courts have considered the defendant's assets and income in consideration of whether an exemplary award is excessive. *Id.* The supreme court remarked that, in evaluating the award under these factors, the appellate court affords much discretion to the factfinder's determination. *Id.*

After review of these factors, we leave the trial court's award of $100,000.00 undisturbed. The figure arrived at by the trial court appears to be a reasonably balanced calculation of both the degree of reprehensibility of Mr. Saucier's conduct, as revealed in the evidence presented to the jury, and the damages suffered by the plaintiffs.[3] The figure awarded is further reasonably calculated

---

[3] The figure is generally commensurate with the compensatory damages awarded by the jury, $110,051.25.

toward a punitive goal insofar as it obviously exceeded the criminal monetary penalty available for conviction of operating a vehicle while intoxicated. *See* La.R.S. 14:98. Finally, and insofar as the plaintiffs argue that the figure is abusively low, the award is seemingly reflective of the defendant's financial circumstances. Mr. Saucier testified that he had ultimately lost his employment as a commercial air conditioner technician and that he was on the verge of losing his home.

Based on the above considerations, we neither raise nor lower the exemplary damages awarded by the trial court.

Other Damages

Finally, the plaintiffs contend that the trial court should have further granted the motion for JNOV in order to award damages for disability, loss of earning capacity, and loss of consortium and to increase the damages for pain and suffering and loss of enjoyment of life. As we concluded above, however, the jury's determination as to each of these awards, or lack thereof, was reasonable under the evidence presented and within the permissive bounds of the jury's role as factfinder. Accordingly, we find no error in the trial court's determination to deny these aspects of the motion for JNOV.

These assignments lack merit.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed fifty percent to the plaintiffs, Steven P. and Holiday Guillory, and fifty percent to the defendants, Republic Underwriters Insurance Company and Christopher Saucier.

**AFFIRMED.**

15