712 So.2d 567 (1998)
Harriet Greer DUPRE'
v.
MAISON BLANCHE, INC. and Liberty Mutual Insurance Group.
No. 97 CA 0652.
Court of Appeal of Louisiana, First Circuit.
April 8, 1998.
*568 John Housan Fenner, III, Baton Rouge, for Plaintiff-Appellant Harriet Greer Dupre'.
Marvin H. Olinde, Baton Rouge, for Defendant-Appellee Maison Blanche, et al.
Before LOTTINGER, C.J., and SHORTESS and FOGG, JJ.
LOTTINGER, Chief Judge.
This action arises as a result of a fall by plaintiff-patron while shopping at defendant's store. Following a trial by jury, plaintiff was awarded damages in the amount of $120,078.82, reduced to $72,047.29, by her 40% of fault. The trial judge thereafter granted defendants' motion for JNOV, and reallocated fault 70% to plaintiff, 30% to defendants. Plaintiff now appeals.

FACTS
On March 17, 1994, plaintiff, Harriet Greer Dupre (hereinafter, "Ms. Greer")[1], was shopping at the Maison Blanche department store (hereinafter, "Maison Blanche") located on Main Street in Baton Rouge. At trial, Ms. Greer testified that she went to the Main Street location to purchase a pair of shoes because the Maison Blanche store at Cortana Mall did not have her size. Upon finding the shoe department crowded, Ms. Greer continued down the main aisle of the store, and entered the ladies' designer dress department. Her attention was drawn to a rack of moderately-priced dresses; however, after circling the rack, Ms. Greer was unable to locate the dress in her size. Ms. Greer testified that as she turned to walk away from the dress rack, something on the carpet "grabbed" at the heel of her right shoe, and she was unable to extricate herself.
*569 Realizing that she was about to fall, Ms. Greer stated that she hoped to break her fall and land on a carpeted display platform, which had been moved to the edge of the store aisle in preparation for a fashion show the following day. Unfortunately, Ms. Greer swiped the platform as she fell, and landed on the adjacent marble floor.
As a result of this accident, Ms. Greer sustained a fracture and dislocation of her right shoulder and a contusion to her left hip. Ms. Greer's shoulder was relocated through a closed reduction procedure performed at the emergency room. In a follow-up visit with her orthopedist, it was determined that the fractured portion of Ms. Greer's right humerus had become displaced and would require surgical correction. Ms. Greer underwent surgery on March 29, 1994, to openly reduce the fracture which was thereafter held in place with an internal fixation device. Ms. Greer underwent physical therapy, and several months later, underwent a second surgery for removal of the screw. As a result of this accident, Ms. Greer was assigned a ten percent disability for her shoulder or a six percent overall disability.

ACTION OF THE TRIAL COURT
Following a two-day trial, the jury returned a verdict finding Maison Blanche sixty (60%) percent at fault in causing Ms. Greer's accident, and assigned to Ms. Greer the remaining forty (40%) percent of fault. The jury assessed the following damages:

Past Medical Expenses..............$19,078.82
Future Medicals.....................$1,000.00
Mental Pain and Suffering, Past
 and Future........................$50,000.00
Physical Pain and Suffering,
 Past and Future...................$50,000.00
 TOTAL.........$120,078.82

The court further ordered that defendants pay all costs and expenses incurred by the plaintiff in bringing this action.
Thereafter, defendants, Maison Blanche and its insurer, Liberty Mutual Insurance Company, filed a Motion for JNOV, and in the alternative, for a New Trial. Ms. Greer responded by filing a Cross-Motion for JNOV.
Following a hearing, the trial court ruled that because she did not prove what condition caused her to fall, Ms. Greer failed to meet her burden of proof pursuant to La. R.S. 9:2800.6. Nevertheless, the trial court conceded that under the general liability articles, particularly La. Civ.Code art. 2315, the jury could find that the empty display platform in the store's aisle may have aggravated her fall. The trial court upheld the jury's finding of fault but reduced same, finding Ms. Greer seventy (70%) percent at fault, with thirty (30%) percent attributable to Maison Blanche. Defendants were further cast with all costs.
Thereafter, the trial court amended and supplemented its previous judgment on JNOV, to state that Ms. Greer's Cross-Motion for JNOV had been denied. The trial court further ordered that defendants pay $670.00 of the litigation costs incurred by Ms. Greer.
Ms. Greer now appeals all three judgmentsthe original jury verdict, the trial court's judgment granting defendant's motion for JNOV, and the trial court's amended judgment denying her cross-motion for JNOV.

ISSUES ON APPEAL
On appeal, Ms. Greer asserts that the trial court erred in the following respects:
1) In ruling that she failed to meet her burden of proof;
2) In reallocating fault, finding her to be 70% at fault, and Maison Blanche only 30% at fault;
3) In denying her cross-motion for JNOV;
4) In allocating to her any legal fault;
5) In awarding her only $50,000.00 in damages for physical pain and suffering; and
6) In arbitrarily reducing the original judgment's award of all costs and expenses incurred by plaintiff, to an award of $670.00.

LAW
La.Code Civ. P. art. 1811 permits a trial judge to grant a party's motion for judgment notwithstanding the verdict or JNOV; however, the article does not specify the grounds upon which such a motion may be granted. *570 For this reason, the Louisiana Supreme Court, in its opinion in Scott v. Hospital Service District No. 1, 496 So.2d 270 (La. 1986), enumerated certain criteria to be used in determining whether a JNOV is proper. In its subsequent opinion in Anderson v. New Orleans Public Service, Inc., 583 So.2d 829, 832 (La.1991), the court reiterated these same criteria stating:
A JNOV is warranted when the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary verdict. The motion should be granted only when the evidence points so strongly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the mover. If there is evidence opposed to the motion which is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied. In making this determination, the court should not evaluate the credibility of witnesses, and all reasonable inferences or factual questions should be resolved in favor of the non-moving party.
In reviewing a JNOV, the appellate court must first determine if the trial court erred in granting the JNOV. This is done by using the aforementioned criteria just as the trial judge does in deciding whether to grant the motion or not, i.e. do the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict? If the answer to that question is in the affirmative, then the trial judge was correct in granting the motion. If, however, reasonable men in the exercise of impartial judgment might reach a different conclusion, then it was error to grant the motion and the jury verdict should be reinstated.
Anderson v. New Orleans Public Service, 583 So.2d at 832 (Citation omitted).
The accident in this case occurred on March 17, 1994. In cases resulting from a slip or trip and fall on a merchant's premises, the applicable burden of proof is set forth in La. R.S. 9:2800.6[2] which provided as follows:
§ 2800.6. Burden of proof in claims against merchants
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
(3) The merchant failed to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
(2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business.

DISCUSSION
The trial judge granted defendants' motion for JNOV and reapportioned fault *571 citing Ms. Greer's failure to identify the condition which caused her to fall. Upon careful review of the record in this matter, we are convinced that the trial judge erred in granting the JNOV and reapportioning fault in this matter.
In granting the JNOV, the trial judge stated:
[T]he first part of [La. R.S. 9:2800.6] says that there has to be a condition which presented an unreasonable risk of harm to the claimant and that ... the risk of harm was reasonably foreseeable. On the verdict form that was presented to the jury that counsel agreed upon, the jury was never asked ... whether they found a condition ... or whether the condition presented an unreasonable risk of harm.... [I]t was never proven in this case by the plaintiff exactly what it was that caused her to fall. Whether there was something on the floor, we had testimony about the two ladies that came over and picked something up. Whether that was something... that caused her to fall, whether she tripped over something.... It's just as likely that she had something like a nail protruding out of her heel that caught in the carpet and as she went to turn it was her own shoe that caused her to fall.
This court can find no requirement in the language of La. R.S. 9:2800.6 which provides that a claimant, as a prerequisite to recovery, must identify the precise object which caused her to fall. The existence or non-existence of an unreasonably dangerous condition is a question of fact to be decided by the jury. The jury, after listening to the evidence presented in this case, obviously found the plaintiff, to be a very credible witness, and concluded that the alleged object was in fact present on the floor. The fact that other likely scenarios might also explain Ms. Greer's fall is, absent overwhelming evidence, an insufficient basis for the granting of a motion for JNOV. We hold that based upon the evidence presented, reasonable men could have concluded that an object existed on the floor of Maison Blanche, which presented an unreasonable risk of harm to Ms. Greer. For this reason the trial judge erred in granting the JNOV.
In her next several assignments of error, Ms. Greer asserts that the trial judge erred in denying her cross-motion for JNOV, and further that the jury erred in allocating to her any legal fault.
We are mindful that a customer's duty to keep a proper lookout is diminished when shelved, or, as in this instance, hanging merchandise attracts her attention. Kimble v. Wal-Mart Stores, Inc., 539 So.2d 1212, 1214 (La.1989). However, the customer's duty to keep a proper lookout is not wholly extinguished, and the customer retains the duty to exercise reasonable care under the circumstances. Hutchinson v. Wal-Mart, Inc., 573 So.2d 1148, 1151 (La.App. 1st Cir. 1990); Stark v. National Tea Company, 94-2633, p. 4 (La.App. 4th Cir. 5/16/95); 655 So.2d 769, 773, writ denied, 95-1801 (La.11/3/95); 661 So.2d 1380.
In the instant case, Ms. Greer testified that as she browsed through the designer dress department prior to the accident, she carried only her purse. There is no evidence regarding the degree of care, or lack thereof, exercised by Ms. Greer. In light of testimony by Maison Blanche employees concerning the moving of merchandise and fixtures a short time earlier in preparation for the upcoming fashion show, we think the jury could have easily concluded that both Maison Blanche and Ms. Greer were at fault in this accident. Accordingly, the jury's apportionment of 40% fault to Ms. Greer is hereby reinstated.
In her next assignment of error, Ms. Greer argues that the jury erred in awarding her only $50,000.00 as damages for her physical pain and suffering. In support of this argument, Ms. Greer points out that as a result of this accident she was, at least initially, in considerable pain, that she further underwent a closed reduction procedure at the emergency room, and later, an open reduction surgery for implantation of an internal fixation device. The device was surgically removed several months later, and Ms. Greer underwent physical therapy. Ms. Greer was later assigned a ten percent disability for her shoulder or a six percent overall disability. During the time that her *572 right arm was in a sling, Ms. Greer testified that she had difficulty writing, eating, cooking and cleaning house. Those problems ultimately resolved; however, at trial, Ms. Greer testified that she was no longer able to fish due to her inability to reel in a line.
In reviewing the amounts which the jury awarded to Ms. Greer, we note that in addition to the award of $50,000.00 in damages for her physical pain and suffering, the jury further awarded $50,000.00 to Ms. Greer for her mental pain and suffering. We cannot say that this award constituted an abuse of discretion.
The final assignment of error raised by Ms. Greer is that the trial judge erred in arbitrarily reducing the original judgment's award of all costs and expenses incurred by plaintiff, to an award of $670.00. The record reflects that on July 26, 1996, the trial judge rendered judgment in accordance with the jury's verdict and further cast defendants for "all costs and expenses incurred by [Ms. Greer] in the bringing of this action." Thereafter, on the date of the hearing on both parties' motions for JNOV, Ms. Greer filed into the record a "Bill of Costs and Expenses" setting forth the litigation expenses incurred by her, which totaled $2,861.64. Defendants objected to the payment of certain costs enumerated therein on the grounds that same were outside the scope of La. R.S. 13:4533. In its judgment dated November 26, 1996, the trial court granted defendant's motion for JNOV and reallocated fault. The trial court further cast defendants for court costs stating that "these costs include costs as billed by the Clerk of Court," but deferred ruling on the bill of costs submitted by Ms. Greer. On December 18, 1996, the trial court signed an amended judgment ordering that defendants pay $670.00 of the costs incurred by Ms. Greer.
La. R.S. 13:4533 regarding the taxing of costs provides as follows:
The costs of the clerk, sheriff, witness' fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs.
A review of the jurisprudence reveals that the trial judge is accorded great discretion in awarding costs (including expert witness fees, deposition costs, exhibit costs and related expenses). Boutte v. Nissan Motor Corporation, 94-1470, p. 8 (La.App. 3rd Cir. 9/13/95); 663 So.2d 154, 162. In light of the fact that Ms. Greer's statement of costs included duplication costs of various documents, medical reports, postage, telephone charges as well as food and lodging for Ms. Greer during the trial, we cannot say that the trial judge's decision to award $670.00 constituted an abuse of discretion. This assignment of error is without merit.

CONCLUSION
For the foregoing reasons, we reverse the judgment of the trial court of November 16, 1996, and reinstate the jury's verdict of July 26, 1996. Defendant shall pay costs and expenses incurred by plaintiff, Harriet Greer Dupre', in the sum of $670.00. Court costs associated with this appeal are assessed against defendants, Maison Blanche, Inc. and Liberty Mutual Insurance Company.
REVERSED AND RENDERED.
NOTES
[1] Throughout the record, the plaintiff, Harriet Greer Dupre, is addressed as Ms. Greer by her attorney, while counsel for defendants refers to plaintiff as Ms. Dupre. For purposes of clarity and uniformity, plaintiff will be referred to herein as Ms. Greer.
[2] The legislature has since amended R.S. 9:2800.6, effective May 1, 1996. The amended statute expressly applies only to those causes of action arising on or after the effective date. 1996 La. Acts No. 8, § 2. All references herein to La. R.S. 9:2800.6 refer to the 1991 version in effect until May 1, 1996.