NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 1556

KASEY WELCH

VERSUS

KEVONTA LONDON AND LOUISIANA DEPARTMENT OF
TRANSPORTATION AND DEVELOPMENT

Judgment Rendered: __JUN 0 6 2022__

* * * * *

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 641495

Honorable Timothy E. Kelley, Judge Presiding

* * * * *

J. Chandler Loupe
Chet G. Boudreaux
Baton Rouge, LA

Attorneys for Plaintiff-Appellee,
Kasey Welch


Stacey Moak
Breann Crane
Baton Rouge, LA

Attorneys for Defendants-Appellants,
Kevonta London and Louisiana
Department of Transportation and
Development

* * * * *

BEFORE: WHIPPLE, C.J., PENZATO, AND HESTER, JJ.

**HESTER, J.**

Defendants, Kevonta London and Louisiana Department of Transportation and Development (DOTD), appeal a judgment against them, awarding plaintiff, Kasey Welch, $18,054.01 in court costs. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

This lawsuit arose from a motor vehicle accident between Ms. Welch and Mr. London, who was within the course and scope of his employment with DOTD at the time of the accident. On October 7, 2019, twenty-one days prior to the start of the trial on the merits, defendants made an offer of judgment pursuant to La. Code Civ. P. art. 970 to Ms. Welch in the amount of $250,000.00, exclusive of court costs, interest, attorney fees, and any other amount which could be awarded to Ms. Welch pursuant to statute or rule. After the trial, the jury found the accident was proximately caused by both Mr. London and Ms. Welch. Sixty percent (60%) of the fault was apportioned to Mr. London and forty percent (40%) of the fault was apportioned to Ms. Welch. On November 27, 2019, the trial court issued a judgment in accordance with the jury verdict in favor of Ms. Welch and against defendants in the amount of $51,000.00,[1] *plus legal interest and taxable court costs* as awarded by the trial court at a future date.

On May 17, 2021, defendants filed a Motion to Tax Costs and Enforce Offer of Judgment and Motion to Offset Judgment, seeking to tax Ms. Welch with $29,196.41 in costs incurred by defendants after the offer of judgment was made. A memorandum and thirty-seven exhibits were filed in support thereof. On June 9,

---

[1] The jury awarded Ms. Welch a total of $80,000.00 for past medical expenses, past physical and pain and suffering, and past mental pain and suffering. Ms. Welch was also awarded $100,000.00 in past wages, but the jury determined that the award for past lost wages should be reduced by ninety-five percent (95%) for Ms. Welch's failure to mitigate her damages, resulting in a total award for past lost wages in the amount of $5,000.00. After reducing the net total damages awarded to Ms. Welch ($85,000.00) by her portion of fault (40%), the total awarded to Ms. Welch was $51,000.00. The trial court's judgment on the merits was affirmed by this court in **Welch v. London**, 2020-0362 (La. App. 1st Cir. 12/30/20), 2020 WL 7768715 (unreported).

2

2021, Ms. Welch filed a Motion to Assess Costs and a memorandum in support with the trial court, seeking to recover a total of $48,500.93 in costs from defendants in accordance with the November 27, 2019 judgment on the merits. On September 24, 2021, Ms. Welch filed a Supplemental Motion to Assess Costs and memorandum in support to which an *in globo* exhibit was attached supporting a "bare bones case expense list totaling $33,135.97."

The trial court held a contradictory hearing via Zoom on October 4, 2021 during which time the trial court "accept[ed] all of the evidence for both sides," and further stated as follows:

> I used the exhibits the defendants provided, 37 exhibits, to do my calculations and the plaintiff had 35 exhibits, I think. There's a bunch of it. It's all admitted into the record ... .

According to the trial court's calculations, Ms. Welch's recoverable costs totaled $31,196.41 and defendants' costs incurred after the offer of judgment totaled $13,142.40. The judgment signed by the trial court on October 12, 2021, provided as follows:

> **IT IS HEREBY ORDERED** the defendant's [sic] Motion to Tax Costs and Enforce Offer of Judgement is **GRANTED IN PART**, and Plaintiff's motion to tax costs is **GRANTED**. The plaintiff's total costs in the amount of $31,196.01 shall be subject to an offset in the amount of $13,142.40, the total costs incurred by the defendants after the offer of judgment.
>
> **IT IS HEREBY ORDERED** that there be judgment herein rendered in favor of plaintiff, Kasey Welch, and against defendants, Kevonta London and the State of Louisiana, through the Department of Transportation and Development, awarding Plaintiff court costs in this matter in the amount of $18,054.01.

Defendants appeal the October 12, 2021 judgment, contending that the trial court abused its discretion and made errors of law in awarding certain costs to plaintiff and in reducing the amount of costs sought by defendants.

# LEGAL PRECEPTS

Louisiana Code of Civil Procedure article 1920 provides as follows:

> Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
>
> Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.

The trial court is vested with great discretion to assess costs against any party as it may deem equitable, even against the party who prevails on the merits. La. Code Civ. P. art. 1920; **Stockstill v. C.F. Industries, Inc.**, 94-2072 (La. App. 1st Cir. 12/15/95), 665 So.2d 802, 821-22, writ denied, 96-0149 (La. 3/15/96), 669 So.2d 428. But see **Stewart v. City of Hammond**, 2020-0851 (La. App. 1st Cir. 3/29/21), 322 So.3d 1253, 1263-64 (finding abuse of discretion in the trial court's assessment of half the costs against the prevailing party with no showing in the record that the prevailing party caused costs to be incurred pointlessly or engaged in other conduct justifying an assessment of costs against it).

"Costs" are delineated in La. R.S. 13:4533, which provides:

> The costs of the clerk, sheriff, witness' fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs.

Louisiana Code of Civil Procedure article 970 provides, in pertinent part, as follows:

> A. At any time more than twenty days before the time specified for the trial of the matter, without any admission of liability, any party may serve upon an adverse party an offer of judgment for the purpose of settling all of the claims between them. The offer of judgment shall be in writing and state that it is made under this Article; specify the total amount of money of the settlement offer; and specify whether that amount is inclusive or exclusive of costs, interest, attorney fees, and any other amount which may be awarded pursuant to statute or rule. Unless accepted, an offer of judgment shall remain confidential between the offeror and offeree. If the adverse party, within ten days after service, serves written notice that the offer is accepted, either party may move for judgment on the offer. The court shall grant such judgment on the motion of either party.
>
> . . .

C. If the final judgment obtained by the plaintiff-offeree is at least twenty-five percent less than the amount of the offer of judgment made by the defendant-offeror or if the final judgment obtained against the defendant-offeree is at least twenty-five percent greater than the amount of the offer of judgment made by the plaintiff-offeror, the offeree must pay the offeror's costs, exclusive of attorney fees, incurred after the offer was made, as fixed by the court.

...

E. For purposes of comparing the amount of money offered in the offer of judgment to the final judgment obtained, which judgment shall take into account any additur or remittitur, the final judgment obtained shall not include any amounts attributable to costs, interest, or attorney fees, or to any other amount which may be awarded pursuant to statute or rule, unless such amount was expressly included in the offer.

F. A judgment granted on a motion for judgment on an offer of judgment is a final judgment when signed by the judge; however, an appeal cannot be taken by a party who has consented to the judgment.

The function of La. Code Civ. P. art. 970 is to compensate the rejected offeror who was forced to incur greater trial litigation costs than he would have if the offeree had accepted the settlement offer. Article 970 is punitive in nature and therefore must be strictly construed. **Landry v. Leonard J. Chabert Medical Center**, 2002-1559 (La. App. 1st Cir. 5/14/03), 858 So.2d 454, 467, writs denied, 2003-1748, 2003-1752 (La. 10/17/03); 855 So.2d 761. See also **Suprun v. Louisiana Farm Bureau Mutual Insurance Company**, 2009-1555 (La. App. 1st Cir. 4/30/10), 40 So.3d 261, 266.

## DISCUSSION

In this case, it is undisputed that defendants made an offer of judgment pursuant to La. Code Civ. P. art. 970 and that the final judgment obtained by Ms. Welch was at least twenty-five percent less than the amount of the offer of judgment made by defendants. Accordingly, the requirements of article 970 are met and Ms. Welch, as the offeree, "must pay the offeror's costs, exclusive of attorney fees, incurred after the offer was made, as fixed by the court." La. Code Civ. P. art. 970(C). However, the November 27, 2019 judgment on the merits awarded Ms. Welch "taxable court costs as awarded by the trial court at a future date."

5

## Ms. Welch's Post-Offer Costs and Defendants' Pre-Offer Costs
## (Assignments of Error Two and Four)

Defendants argue in their second assignment of error that the trial court abused its discretion in failing to award defendants' costs incurred prior to the offer of judgment, as requested in their Motion to Tax Costs. In their fourth assignment of error, defendants argue that the trial court made an error of law by awarding the costs Ms. Welch incurred after defendants' offer of judgment was made.

A final judgment is conclusive between the parties except on direct review. La. R.S. 13:4231; **Tolis v. Board of Supervisors of Louisiana State University**, 95-1529 (La. 10/16/95), 660 So.2d 1206 (per curiam). A final judgment from which there can be no appeal acquires the authority of the thing adjudged. **Avenue Plaza, L.L.C. v. Falgoust**, 96-0173, (La. 7/2/96), 676 So.2d 1077, 1079. The November 27, 2019 judgment on the merits has reached finality, as the judgment was affirmed in **Welch v. London**, 2020-0362 (La. App. 1st Cir. 12/30/20), 2020 WL 7768715 (unreported), and no further review was sought by the parties. See La. Code Civ. P. art. 2166(D) and (E). Also see **Tolis**, 660 So.2d at 1206. Therefore, no court has jurisdiction to change, alter, or amend the November 27, 2019 judgment, awarding Ms. Welch "taxable court costs." **Id.**; **Avenue Plaza, L.L.C.**, 676 So.2d at 1079. We note that the judgment did not limit or qualify the award of costs to Ms. Welch, other than to provide that the trial court would award those costs at a later date. The trial court was without jurisdiction to alter or amend the November 27, 2019 judgment awarding costs only to Ms. Welch or to tax Ms. Welch with defendants' costs incurred prior to the date the offer of judgment was made. Therefore, the trial court neither abused its discretion nor made an error of law in failing to award defendants' costs incurred prior to the offer of judgment and in awarding Ms. Welch the costs she incurred after the defendants' offer of judgment was made.

Additionally, we do not find any support for defendants' legal argument that it is inconsistent with La. Code Civ. P. art. 970 to tax defendants with Ms. Welch's costs incurred after the offer of judgment. Defendants argue that Ms. Welch's "litigation costs ... incurred after the offer of judgment was made were incurred solely as the result of [Ms. Welch's] insistence of proceeding to trial" and that the award of such costs to Ms. Welch "clearly violates the spirit and intent of [La. Code Civ. P. art.] 970." However, the sole penalty imposed by La. Code Civ. P. art. 970(C) on the offeree is the requirement that "the offeree must pay the offeror's costs, exclusive of attorney fees, incurred *after* the offer was made, as fixed by the court." (Emphasis added.) Article 970 does not provide that the rejected offeror is also entitled to pre-offer costs. Further, La. Code Civ. P. art. 970 does not prohibit an offeree from obtaining an award of her own costs incurred after the offer was made. We cannot judicially impose greater penalties pursuant to La. Code Civ. P. art. 970. See **Foti v. Holliday**, 2009-0093 (La. 10/30/09), 27 So.3d 813, 821.

Defendants' second and fourth assignments of error are without merit.

## Costs Awarded to Ms. Welch
### (Assignments of Error Three, Five, and Six)

In their third assignment of error, defendants maintain that the trial court abused its discretion by considering Ms. Welch's supplemental memorandum in support of her motion to tax costs and attached evidence, which was filed one week prior to the October 4th hearing. In assignments of error five and six, defendants argue that the "trial court made an error of law" in partially granting Ms. Welch's Motion to Assess Costs without an itemized list of expenses and in taxing defendants with costs "not taxable as trial costs." However, as noted above, the trial court has great discretion to assess costs, **Stockstill**, 665 So.2d at 821, and may assess costs of a suit in any equitable manner. See **Hoagboon v. Cannon**, 2010-0909 (La. App. 1st Cir. 12/29/10), 54 So.3d 802, 807.

7

Ms. Welch provided a list of costs with the original Motion to Assess Costs. While Ms. Welch did not provide a revised itemized list of costs with the Supplemental Motion to Assess Costs, she did provide a list of exhibits and the sum of costs listed in these exhibits.[2] The exhibits attached to the supplemental motion adequately described the costs incurred and identified the amount sought to be recovered from defendants. Neither La. Code Civ. P. art. 1920 nor La. R.S. 13:4533 expressly require an itemized list of expenses. In this case, where Ms. Welch (and defendants) provided invoices, bills, and other documentary evidence to the trial court detailing the costs incurred, we do not find that the "trial court made an error of law" in partially granting Ms. Welch's Motion to Assess Costs without an itemized list of expenses.

We likewise find the trial court did not abuse its discretion by choosing to consider Ms. Welch's Supplemental Motion to Assess Costs, memorandum in support, and attached *in globo* exhibit.[3] Defendants do not assert that they were prejudiced in any way by the supplement, filed nine calendar days before the hearing. Additionally, defendants filed an opposition to the supplement prior to the hearing, setting forth their arguments in response to the invoices submitted by Ms. Welch and identifying particular expenses that they maintained should not be taxed as costs.

Defendants correctly point out that, as a general rule, only depositions "used on the trial" are taxable as costs. La. R.S. 13:4533; **Barrilleaux v. Franklin Foundation Hospital**, 96-0343 (La. App. 1st Cir. 11/8/96), 683 So.2d 348, 361, writ denied, 96-2885 (La. 1/24/97), 686 So.2d 864. Depositions introduced and accepted into evidence are "used on the trial" for purposes of La. R.S. 13:4533. **Id.**

---

[2] Ms. Welch indicated that the total amount shown in the exhibits was $33,135.97. According to this court's calculations, the total was $33,136.11.

[3] Defendants cite Louisiana Rules of District Court, Rule 9.9(b), which states that a memorandum in support of a motion shall be served on all parties so that it is received at least fifteen calendar days before the hearing. We note that Rule 9.9(e) provides that a party who fails to comply with this provision "may forfeit the privilege of oral argument." The Rule is silent as to whether the filing may or may not be considered by the trial court.

Reviewing the invoices submitted by Ms. Welch and the evidence introduced at trial, the record shows Ms. Welch included invoices for depositions that were not introduced at the trial on the merits. The total cost for the deposition transcripts not "used on the trial" is $1,125.90. Additionally, Ms. Welch submitted invoices for $300.00 in medical care received, which is clearly not included in "costs" as defined in La. R.S. 13:4533 and not reasonably construed as "all other costs allowed by the court." La. R.S. 13:4533.

Defendants summarily argue that costs for medical records requested in 2015 ($131.29), expert fees for reports[4] ($1,375.00), costs defendants describe as "computer repairs" ($2,177.00), and costs for preparing the appellate record should not have been included in the trial court's award.

However, the trial court did not indicate in its ruling how the award of costs to Ms. Welch was calculated, which was approximately $2,000.00 less than the amount for which Ms. Welch prayed. Additionally, the deposition and medical care expenses, which we previously noted are not costs as defined by La. R.S. 13:4533, total $1,425.90. Without an explanation of the trial court's calculation, it is unclear whether the amount prayed for by Ms. Welch was reduced by $2,000 because the deposition and medical care expenses were not taxed as costs.

The trial judge is accorded great discretion in awarding costs (including expert witness fees, deposition costs, exhibit costs, and related expenses). **Dupré v. Maison Blanche, Inc.**, 97-0652 (La. App. 1st Cir. 4/8/98), 712 So.2d 567, 572, writ denied, 98-1239 (La. 6/19/98), 721 So.2d 471. After reviewing the record and the

---

[4] Louisiana Revised Statutes 13:3666 sets out the general rule regarding compensation of expert witnesses, costs of medical reports, and copies of hospital records. Expert witnesses are entitled to reasonable compensation for their time in court and for preparatory work done. The trial court can fix expert witness fees based upon its own observations and evidence presented at trial. Generally, the amount and fixing of expert fees lies within the sound discretion of the trial court and will not be disturbed in the absence of an abuse of discretion. **Kelly McHugh and Associates, Inc. v. RPDE Development, LLC**, 2019-0709 (La. App. 1st Cir. 3/5/20), 300 So.3d 417, 428-29.

invoices submitted, we do not find that the trial court abused its discretion in awarding a total of $31,196.01 in costs to Ms. Welch.

Assignments of error three, five, and six are without merit.

### Reduction in Award of Post-Offer Costs to Defendants
### (Assignment of Error One)

In their first assignment of error, defendants argue that the trial court abused its discretion in reducing defendants' costs incurred after the offer of judgment was made. Defendants contend that they incurred $20,779.63 in taxable costs after the offer of judgment was made, but the trial court only taxed Ms. Welch with $13,142.40 of the costs incurred by defendants. The trial court gave no indication in its ruling as to how this amount was calculated; however, La. Code Civ. P. art. 970(C) permits the trial court to fix the amount of costs to be taxed on the offeree. Acknowledging the great discretion in awarding costs accorded to the trial court (including expert witness fees, deposition costs, exhibit costs, and related expenses) and in view of the costs submitted by defendants, we are unable to conclude that the trial court abused its discretion in reducing the amount of defendants' costs taxed to Ms. Welch in accordance with the penalty provision of La. Code Civ. P. art. 970(C). See La. Code Civ. P. art. 1920; **Dupré**, 712 So.2d at 572.

Defendants' first assignment of error is without merit.

## CONCLUSION

For the foregoing reasons, we affirm the October 12, 2021 judgment of the trial court. Costs of this appeal are assessed to defendants, Kevonta London and Louisiana Department of Transportation and Development.

**AFFIRMED.**

10