SANDRA PARNELL

VERSUS

KAI NEALEY AND CITI TRENDS, INC.

NO. 23-CA-53

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 76,21, DIVISION "B"
HONORABLE NGHANA LEWIS, JUDGE PRESIDING

November 08, 2023

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and Stephen J. Windhorst

**REVERSED AND REMANDED**
    **MEJ**
    **SMC**
    **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
SANDRA PARNELL
Michael S. Brandner, Jr.
Scot P. Koloski

COUNSEL FOR DEFENDANT/APPELLEE,
KAI NEALEY AND CITI TRENDS, INC.
Stephanie McLaughlin

**JOHNSON, J.**

Appellant, Sandra Parnell, seeks review of the 40th Judicial District Court's October 14, 2022 judgment granting summary judgment in favor of Defendants, Kai Nealey and Citi Trends, Inc. ("Citi Trends"). For the following reasons, we reverse the district court's judgment and remand the matter for further proceedings.

### FACTS AND PROCEDURAL HISTORY

On October 20, 2019, Ms. Parnell tripped and fell over a garment rack while shopping at the Citi Trends store located on West Airline Highway in LaPlace, Louisiana with her sister and nephew. Ms. Parnell was looking for her sister when she tripped over a "Z-Rack" across the "main walkway" of the store. She testified that she was unable to see the sides of the rack as they were obscured by merchandise. Ms. Parnell received medical treatment for the injuries she sustained as a result of the accident and filed a petition for damages a year later.

Citi Trends employees and corporate executives testified via deposition. They explained that employees are trained in ensuring that the store's aisles and walkways are free from obstructions. Also, the "Z-Racks" are used to re-stock showroom racks. Employees are instructed not to leave those racks unattended or to, at least, stay within 10-15 feet of the "Z-Racks". The specialty racks are to be kept in the back store room when not in use.

Defendants filed a motion for summary judgment on July 29, 2022, alleging that Ms. Parnell could not meet her burden of proof with regards to liability under La. R.S. 9:2800.6, Louisiana's Merchant Liability statute. Defendants argued that the condition in the store caused by the garment rack was "open and obvious", or it did not present an unreasonable risk of harm.

The district court held a hearing on the motion on October 7, 2022. On October 24, 2022, the district court granted Defendant's motion for summary judgment and dismissed the matter with prejudice. The court found that "the

plaintiff did not present any evidence that anyone noticed any unreasonably dangerous conditions at any time prior to the accident." The district court also found that "the Z garment rack was obvious and apparent, [and presented] no unreasonable risk of harm to a customer exercising reasonable care." The court further concluded that Ms. Parnell did not present any evidence that "anyone noticed any unreasonably dangerous conditions at any time prior to the accident", or any testimony that would suggest the Z-Rack had been there for some period of time.

## ASSIGNMENTS OF ERROR

Ms. Parnell contends that the district court erred when it found that she failed to introduce evidence to support her claims that the "Z-Rack" over which she tripped presented an unreasonable risk of harm. She also assigns as error the district court's finding that she did not prove Defendants had actual or constructive notice of an unsafe condition – the placement of the "Z-Rack" on its premises - and that the condition was "open and obvious". Ms. Parnell further maintains that the unsafe condition was created by Citi Trends and was reasonably foreseeable, and Citi Trends did not exercise reasonable care.

In response, Defendants urge that the plaintiff presented no evidence of a condition that presented an unreasonable risk of harm as required by La. C.C. art. 2317.1 and La. R.S. 9:2800.6. They also counter that the alleged condition was open and obvious, and that Ms. Parnell has not proven actual or constructive notice of the condition.

## LAW AND DISCUSSION

A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 A(3). The burden of proof rests with the mover, who can usually

meet that burden by negating, or proving the absence of factual support, for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966 D(1); *see also Babin v. Winn-Dixie Louisiana, Inc.*, 00-78 (La. 6/30/00), 764 So.2d 37, 39-40. The burden is then on the party who bears the burden of persuasion at trial to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id*.

This Court reviews the denial of a motion for summary judgment *de novo. Bourgeois v. Allstate Ins. Co.*, 15-451 (La. App. 5 Cir. 12/23/15), 182 So.3d 1177, 1181. Under this standard, we use the same criteria as the trial court in determining if summary judgment is appropriate: whether there is a genuine issue as to material fact and whether the mover is entitled to judgment as a matter of law. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880, 882-83.

Pursuant to La. R.S. 9:2800.6, generally, a defendant/storeowner owes a duty to a plaintiff to exercise reasonable care to keep its premises in a reasonably safe condition, free of hazardous conditions. *Jones v. Mkt. Basket Stores, Inc.*, 22-841(La. 3/17/23), 359 So.3d 452, 462. Louisiana's Merchant Liability Statute, La. R.S. § 9:2800.6 provides in part:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

> The burden of proof instruction found in [subsection (B)(2) of the Merchant Liability statute] applies when there is a claim *for a fall* due to a condition in or on a merchant's premises. The statute is aimed at "slip and fall" or "trip and fall" cases. [ . . .] Moreover, if a customer slips or trips and falls because of the direct and simultaneous negligence of a store employee, the burden of proof under ordinary negligence principles is applicable and not the burden of proof under La. R.S. 9:2800.6.

*Littleton v. Wal-Mart Stores, Inc.*, 99-390 (La. App. 3 Cir. 12/1/99), 747 So.2d 701, 703, *writ denied,* 00-804 (La. 5/5/00), 761 So.2d 546. (Emphasis in original).

In addition to proving that the condition presented an unreasonable risk of harm that was reasonably foreseeable, the plaintiff must also prove that the merchant either created or had actual or constructive notice of the condition which caused the damage prior to the occurrence. *Thompson v. Dollar Up LA LLC*, 22-397 (La. App. 5 Cir. 3/29/23), 365 So.3d 149, 153-54, *reh'g denied* (La. App. 5 Cir. 4/13/23), *citing Bryant v. Ray Brandt Dodge, Inc.*, 19-464 (La. App. 5 Cir. 3/17/20), 292 So.3d 190, 196. The failure to prove any of the requirements enumerated in La. R.S. 9:2800.6 is fatal to a plaintiff's cause of action. *Id.*

> It is evident that for the defendant to have "created" the hazardous condition [pursuant to La. R.S. 9:2800.6(B)(2)], it must be "directly responsible" for the plaintiff's injuries. That **direct responsibility can be shown in one of two ways**—either via evidence that the defendant's employees actually created the hazard (by, for example, spilling crab salad on the floor [. . .]) **or evidence that the defendant was responsible for maintaining the area where the hazardous condition was manifest**[.]

*Salzman v. Matherne's Supermarket at Riverlands, L.L.C.*, 22-404 (La. App. 5 Cir. 6/22/23), 367 So.3d 897, 905-06, *reh'g denied* (July 13, 2023) (Emphasis in

Original), *citing Deshotel v. Wal-Mart La., L.L.C.*, 850 F.3d 742, 747-48 (5th Cir.

2017).

Pursuant to La. C.C. art. 2317, we are responsible for damage caused by the

things in our custody. Louisiana Civil Code article 2317.1 states,

> The owner or custodian of a thing is answerable for damage
> occasioned by its ruin, vice, or defect, only upon a showing that he
> knew or, in the exercise of reasonable care, should have known of the
> ruin, vice, or defect which caused the damage, that the damage could
> have been prevented by the exercise of reasonable care, and that he
> failed to exercise such reasonable care. Nothing in this Article shall
> preclude the court from the application of the doctrine of *res ipsa
> loquitur* in an appropriate case.

*See also*, *Babino v. Jefferson Transit*, 12-468, (La. App. 5 Cir. 2/21/13), 110 So.3d

1123, 1126.

> Under the duty/risk analysis, the plaintiff must prove five
> separate elements: (1) the defendant had a duty to conform his
> conduct to a specific standard (the duty element); (2) the defendant's
> conduct failed to conform to the appropriate standard (the breach
> element); (3) the defendant's substandard conduct was a cause-in-fact
> of the plaintiff's injuries (the cause-in-fact element); (4) the
> defendant's substandard conduct was a legal cause of the plaintiff's
> injuries (the scope of duty element); and, (5) proof of actual damages
> (the damages element). If the plaintiff fails to prove any one element
> by a preponderance of the evidence, the defendant is not liable.
>
> [ . . .]
>
> The existence of a duty is a question of law. The inquiry is
> whether the plaintiff has any law (statutory, jurisprudential, or arising
> from general principles of fault) to support the claim that the
> defendant owed him a duty.

*Farrell v. Circle K Stores, Inc.*, 22-849 (La. 3/17/23), 359 So.3d 467, 473 (internal

citations omitted).

Under the duty/risk analysis, we find that Defendants owed Ms. Parnell a

duty to keep the store's aisles in a reasonably safe condition, and to either correct

or warn potential customers of the existence of unreasonably dangerous conditions

on the premises. *See id*. To address Ms. Parnell's assignments of error, we will

focus our analysis on the second and third factors of the duty/risk analysis.

***Breach of Duty***

This Court must utilize a risk/utility analysis to determine whether a breach of that duty occurred.

> [The Louisiana Supreme Court] has synthesized the risk/utility balancing test to a consideration of four pertinent factors:
>
> (1) the utility of the complained-of condition;
> (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition;
> (3) the cost of preventing the harm; and,
> (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature.

*Farrell*, 359 So.3d at 474. "The second factor of the risk/utility balancing test includes the likelihood and magnitude of harm, which includes the open and obvious nature of the condition." *Id.* "The question of whether a condition is open and obvious and, thus, not unreasonably dangerous, is an issue of breach, not duty." *Id.* "If the application of the risk/utility balancing test results in a determination that the complained of hazard is not an unreasonably dangerous condition, a defendant is not liable because there was no duty breached." *Id.* at 478. Summary judgment, based on the absence of liability, may be granted upon a finding that reasonable minds could only agree that the condition was not unreasonably dangerous; therefore, the defendant did not breach the duty owed. *Id.*

Upon *de novo* review, we find that Defendants are not entitled to summary judgment. "When a customer proves that a foreign substance or object on a store's floor presented an unreasonable risk of injury which caused a damaging fall, the store must exculpate itself from a presumption of negligence." *Kimble v. Wal-Mart Stores, Inc.*, 539 So.2d 1212, 1214 (La. 1989), *citing Brown v. Winn–Dixie Louisiana, Inc.,* 452 So.2d 685, 686 (La. 1984). "[T]he store operator is required to prove that his employees did not cause the hazard and that he exercised such a degree of care that he would have known under most circumstances of a hazard caused by customers." *Id.* Ms. Parnell has presented evidence that controverts Citi

Trends' claim that the condition was open and obvious – both she and her nephew testified that the rack was across the aisle and obscured by the clothing surrounding the rack; and store protocol required that store personnel remain within 10-15 feet of the Z-Racks while in use on the sales floor, and the Z-Racks should be kept in the back of the store when not in use to prevent tripping hazards. Also, in the record, the (albeit poor quality) photograph of the store taken on the day of the incident, suggests that a rack positioned in the manner in which Ms. Parnell and her nephew testified would not easily be observable. Thus, there is a question of material fact regarding whether Citi Trends breached its duty to keep its store in a reasonably safe condition and free of hazardous conditions.

In *Thibodeaux v. Winn-Dixie of Louisiana, Inc.*, 608 So.2d 673, 675 (La. App. 3d Cir. 1992), the court found that an empty box a Winn-Dixie employee left "protruding into the aisle, partially hidden from the view of plaintiff [ . . .] created a hazard for the unsuspecting shopper." The *Thibodaux* court agreed with the trial court and found Winn-Dixie negligent. Similarly, in this case, Ms. Parnell and her nephew testified that she tripped on a "Z-Rack" that was obscured from view by hanging merchandise. Ms. Parnell's nephew and a store employee rendered assistance to Ms. Parnell after she fell. Also, the record references an incident report completed by a store employee documenting Ms. Parnell's trip and fall accident.

> [A] pedestrian has a duty to see that which should be seen; he is not required to look for hidden dangers but he is bound to observe his course to see if his pathway is clear and is held to have seen those obstructions in his pathway which would be discovered by a reasonably prudent person exercising ordinary care under the circumstances.
>
> However, in a self-service store, a multitude of items are displayed upon shelving along the aisles which entice a customer to focus his eyes upon the displays rather than on his pathway.

*Lofton v. Hayward*, 00-2019 (La. App. 4 Cir. 1/9/02), 806 So.2d 877, 882-83, *writ denied,* 02-286 (La. 4/12/02). 813 So.2d 405 (citations omitted). Further, a customer's duty to keep a proper lookout is diminished when shelved or hanging merchandise attracts her attention. *Id. citing Dupre' v. Maison Blanche, Inc.,* 97-652 (La. App. 1 Cir. 4/8/98), 712 So.2d 567, *writ denied sub nom. Dupre' v. Maison Blanche, Inc.*, 98-1239 (La. 6/19/98), 721 So.2d 471. We find that a reasonable juror could find that the condition encountered by Ms. Parnell was unreasonably dangerous, and not open and obvious. Thus, summary judgment on the issue is not warranted at this time. Moreover, the plaintiff's "knowledge and appreciation of the hazardous condition" is appropriately considered to determine comparative fault, but is "irrelevant to Defendants' entitlement to summary judgment." *Farrell*, 359 So.3d at 478.

### Scope of Duty/Actual or Constructive Knowledge of Condition

Regarding the third factor of the duty/risk analysis, both La. C.C. art. 2317.1 and La. R.S. 9:2800.1(C)(1) impose a duty upon a defendant to identify the risk of harm and a duty to exercise reasonable care in preventing damages. *See Bourn v. Federated Mut. Ins. Co.*, 54,977 (La. App. 2 Cir. 4/5/23), 361 So.3d 538, 544; *Myers v. Dronet*, 01-5 (La. App. 3 Cir. 6/22/01), 801 So.2d 1097, 1108. "A risk may not be within the scope of a duty where the circumstances of the particular injury to the plaintiff could not be reasonably foreseen or anticipated, because there was no ease of association between that risk and the legal duty." *Rando v. Anco Insulations Inc.*, 28-1163 (La. 5/22/09); 16 So.3d 1065, 1092. The plaintiff must prove that the defendant "knew or, in the exercise of reasonable care, should have known" the thing or condition was defective or hazardous; in other words, the "actual or constructive knowledge" requirement of those statutes impose upon owners, custodians, or merchants "a duty to exercise reasonable care in discovering ruin, vice, or defect[,] or hazardous conditions." *Id.* Citi Trends argues that not

only was the condition Ms. Parnell encountered open and obvious, but she did not provide evidence that it had actual or constructive knowledge of the condition prior to the accident, or that an employee created the condition.

However, we find that genuine issues of material fact remain regarding whether Citi Trends' employees created the unreasonably dangerous condition in this case. Because Ms. Parnell has provided evidence that the condition she encountered was *created* by the store's staff, she may not have to prove the temporal element required under La. C.C. 2317.1 or La. R.S. 9:2800.6(C)(1). *See Thompson*, 365 So.3d at 153-54. Citi Trends personnel testified that "Z-Racks" were only used to restock the permanent racks on the floor of the store, and were to be stored in the back of the store when not in use. If a customer moved the rack to an unsafe position, then the customer was only able to do so because an employee left the rack on the floor unattended, which was against store policy. The fact that Ms. Parnell cannot prove that the store had actual or constructive knowledge of the condition presented by the "Z-Rack" for a significant time period before the accident took place does not bar her potential recovery under the Merchant Liability Statute. *See Salzman*, 367 So.3d at 911 (holding that genuine issues of fact remained regarding whether the merchant's "failure to successfully correct a known unsafe condition **created** the injury-causing condition in this case." (Emphasis in Original)).

Because we find that reasonable jurors could disagree on whether the condition presented by the garment rack was not open and obvious, and the record could support a finding that the condition was created by a Citi Trends' employee, the existence or non-existence of an unreasonably dangerous condition becomes a question of fact to be decided by the jury. *See Farrell*, 359 So.3d at 479-80; *Dupre'*, *supra*, 712 So.2d at 571.

## *DECREE*

Considering the foregoing, the district court's October 14, 2022 judgment granting Kai Nealey and Citi Trends' motion for summary judgment is reversed, and this matter is remanded for further proceedings.

**<u>REVERSED AND REMANDED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 8, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-53

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE NGHANA LEWIS (DISTRICT JUDGE)
SCOT P. KOLOSKI (APPELLANT)          STEPHANIE MCLAUGHLIN (APPELLEE)

**MAILED**
MICHAEL S. BRANDNER, JR. (APPELLANT)
ATTORNEY AT LAW
3621 VETERANS MEMORIAL BOULEVARD
METAIRIE, LA 70002