| ALICE AUSBON | * | NO. 2023-CA-0589 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| OMNI HOTELS | * | |
| MANAGEMENT | | FOURTH CIRCUIT |
| CORPORATION AND ABC | * | |
| INSURANCE COMPANY | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-04505, DIVISION "L"
Honorable Kern A. Reese, Judge
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins, Judge Dale N. Atkins)

**ATKINS, J., CONCURS IN THE RESULT.**

Jacob G. Powell
DUDLEY DEBOSIER INJURY LAWYERS
1100 Poydras Street, Suite 3900
New Orleans, LA 70163

        COUNSEL FOR PLAINTIFF/APPELLANT

Dean Michael Arruebarrena
Marc Edward Devenport
LEAKE & ANDERSSON, L.L.P.
1100 Poydras Street
Suite 1700
New Orleans, LA 70163

C. Stephen Setliff
Eli Jason S. Mackey
SETLIFF LAW, PLC
4940 Dominion Boulevard
Glen Allen, VA 23060

COUNSEL FOR DEFENDANT/APPELLEE

**REVERSED AND REMANDED**

**APRIL 2, 2024**



In this trip and fall personal injury action, the plaintiff, Alice Ausbon, appeals the district court's granting of summary judgment in favor of the defendant, Omni Hotels Management Corporation ("Omni"), and the dismissal with prejudice of her claims against Omni. For the reasons that follow, we reverse the district court's judgment and remand the matter to the district court for further proceedings consistent with this opinion.

**FACTS AND PROCEDURAL HISTORY**

Ms. Ausbon alleges that she tripped and fell near the entrance of the Omni Royal Crescent Hotel in New Orleans on June 6, 2015. Ms. Ausbon further alleges that Omni placed a doormat near the exterior front entrance of the hotel that caused her to fall and sustain significant injuries. The doormat in question was a standard sized mat that was provided, placed, cleaned and maintained by Cintas Corporation.

When the incident occurred, Ms. Ausbon was carrying a cane and rolling a suitcase as she walked towards the entrance of the hotel. A partial view of the

1

incident was recorded by the hotel's video surveillance camera. The video does not show Ms. Ausbon trip or the portion of the mat that allegedly caused her to trip, but shows her stumble into the glass door, fall down and injure herself. The incident was also witnessed by Willie Stokes, who was working as a valet and doorman at the hotel, but was employed by a third-party company, Parking Management Services. Mr. Stokes did not actually see Ms. Ausbon trip but he did see her fall and he then removed the doormat from the hotel's entrance after her fall.

On May 4, 2016, Ms. Ausbon filed a petition for damages naming Omni as the sole defendant, alleging that Omni negligently placed and maintained the mat at the front entrance to hotel and that the mat caused her to fall and sustain significant injuries. After adequate time for discovery, on February 27, 2023, Omni filed a motion for summary judgment on the grounds that Ms. Ausbon could not meet her burden of proof under La. R.S. 9:2800.6. Omni used portions of the deposition testimony from both Ms. Ausbon and Mr. Stokes in the supporting documents attached to its motion for summary judgment. A hearing on the motion for summary judgment was set for April 14, 2023. However, Ms. Ausbon did not file her opposition to Omni's motion for summary judgment until April 5, 2023 and it was not considered by the district court because it was untimely. Following the April 14, 2023 hearing, the district court granted Omni's motion for summary judgment on April 24, 2023. It is from this judgment that Ms. Ausbon now appeals.

2

**DISCUSSION**

On appeal, the plaintiff raises the following assignments of error: (1) the district court erred in granting the defendant/appellee's motion for summary judgment as there is genuine issue of material fact that the mat presented an unreasonable risk of harm; and (2) the district court erred in granting the defendant/appellee's motion for summary judgment as the court failed to take into account the deposition testimony and affidavits of three witnesses.

Appellate courts apply *de novo* review in examining a trial court's ruling on a motion for summary judgment, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Tran v. Collins*, 20-0246, p. 3 (La. App. 4 Cir. 8/20/21), 326 So.3d 1274, 1278. "[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3).[1] "The standard for finding a 'genuine issue' is not whether the parties disagree, [as it is] a given that the parties will usually not be in agreement, but [rather] whether reasonable fact finders could reach different conclusions." *Bell v. Dunn*, 04-2117, p. 4 (La. App. 4 Cir. 12/8/00), 924 So.2d 224, 229. "If reasonable persons could reach only one conclusion, there is no need for a trial on that issue

---

[1] As of August 1, 2023, La. C.C.P. art. 966 was amended by Acts 2023, No. 317 §1 and No. 368 §1. For purposes of this case, we are referencing the version of La. C.C.P. art. 966 that was in effect from January 1, 2016 through July 31, 2023.

and summary judgment is appropriate." *Hines v. Garrett*, 04-0806, p. 1 (La. 6/25/04), 876 So.2d 764, 765.

"If the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." La. C.C.P. art. 966(D)(1). "The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

In the instant case, Ms. Ausbon failed to timely file an opposition and supporting documents that responded to, objected to, contradicted, or otherwise challenged the basis upon which Omni sought summary judgment before the statutory deadline imposed by La. C.C.P. art. 966(B)(2). "Any opposition to the motion and all documents in support of the opposition shall be filed and served in accordance with Article 1313 not less than fifteen days prior to the hearing on the motion." La. C.C.P. art. 966(B)(2).

Ms. Ausbon's untimely opposition to Omni's motion was filed on April 5, 2023, only nine days before the April 14, 2023 hearing on the motion. "The clear and unambiguous language of Article 966(B)(2) says that, absent the consent of the parties and the court, an opposition shall be filed within the fifteen-day deadline established by the article. The word 'shall' is mandatory." *Auricchio v. Harriston*,

4

00-01167, p. 4 (La. 10/10/21), 332 So.3d 660, 663 (citing La. R.S. 1:3). Ms. Ausbon's failure to comply with the mandatory deadline established by La. C.C.P. art. 966(B)(2) required the trial court to disregard her opposition, and the exhibits attached thereto. Therefore, for the purpose of our *de novo* review, we will only consider the motion and supporting documents filed on behalf of Omni and will not consider any opposition filing or exhibit filed on behalf of Ms. Ausbon.

Omni's motion for summary judgment and memorandum in support thereof included portions of the deposition testimony from both Ms. Ausbon and Mr. Stokes. The district court did not consider the full depositions of Ms. Ausbon or Mr. Stokes, but did allow the plaintiff to introduce them into the record. Plaintiff argues that since defendant opened the door by utilizing portions of depositions to support its motion for summary judgment, this Court in its *de novo* review may examine the depositions in their entirety. *See Jones v. Jones*, 385 So.2d 880, (La. App. 2 Cir. 1980). We disagree. As the opposition was not timely filed any portion of the deposition not filed on behalf of the defendant will not be considered. This is also the position that the Fifth Circuit takes in *Cantrelle v. Brady*, 22-0272 (La. App. 5 Cir. 2/27/23), 359 So.3d 85.

Under La. R.S. 9:2800.6(A), merchants owe a duty of reasonable care to those on their premises to keep aisles, passageways, and floors in a reasonable safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage. In a negligence claim against a merchant, the claimant must prove: (1) the condition presented an

5

unreasonable risk of harm to the claimant or was reasonably foreseeable; (2) the merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and (3) the merchant failed to exercise reasonable care. La. R.S. 9:2800.6(B). The existence of a premise hazard can be proven by circumstantial evidence. *See Lopez v. Wal-Mart Stores, Inc.*, 94-2059, p. 3 (La. App. 4 Cir. 8/13/97), 700 So.2d 215, 217-18; *see also Marks v. Schultz*, 20-0197, p. 6 (La. App. 1 Cir. 12/10/20), 316 So.3d 534, 539.

In *Dotson v. Brookshire Grocery Co.*, 04-83, p. 6 (La. App. 3 Cir. 5/12/04), 872 So.2d 1283, 1287, the court held that a wrinkled mat that the plaintiff tripped on was an unreasonable dangerous condition. A merchant who does not remove a wrinkled mat in a high-traffic area fails to exercise reasonable care. *Id.* The existence or non-existence of an unreasonably dangerous condition is a question of fact to be decided by the jury." *Dupre v. Maison Blanche, Inc.*, 97-0652, p. 6 (La. App. 1 Cir. 4/8/98), 712 So.2d 567, 571.

As noted above, the video of the incident from Omni's closed-circuit surveillance footage does not show Ms. Ausbon actually trip, but it does show her fall. Ms. Ausbon testified that she tripped on the mat and it caused her to fall. She also testified that she noticed a ripple in the mat after she fell. Mr. Stokes testified that there was a problem with the mat at the entrance and he had discussed the mat with an Omni employee on June 6, 2015. Mr. Stokes also testified that he needed to fix or correct the mat multiple times prior to Ms. Ausbon's fall because "they keep hitting" the mat. Mr. Stokes further testified that following Ms. Ausbon's

6

fall, he removed the mat from the entrance because it had caused Ms. Ausbon to fall.

The video surveillance tape and the depositions of Ms. Ausbon and Mr. Stokes raise a number of questions regarding whether the door mat at issue presented an unreasonable reason of risk of harm or was reasonably foreseeable, whether Omni had actual or constructive notice of the risk the door mat posed, and whether Omni failed to exercise reasonable care. These questions all tend to indicate that there are genuine issues of material fact concerning Ms. Ausbon's fall.

**CONCLUSION**

After a thorough review of the record, it is evident that there are genuine issues of material fact and summary judgment should not have been granted. Accordingly, the district court's judgment is reversed and this matter is remanded to the district court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**